Chief Justice Bibb
delivered the Opinion of the Court.
The plaintiff declared against defendant, that on a day, year and place stated, he, “ with force and arms, upon the dwelling house of the said plaintiff, did make an assault,” “ and then and there, “ with clubs, stones and other implements, dicl vio- “ lently stone, shatter and break down the door of “ the said plaintiff’s house aforesaid, and other vio- “ lences and enormities,” &c.
The, defendant demurred and pleaded, also, not guilty. The court overruled the demurrer, and the jury found the issue for the plaintiff, and assessed the damage; from the judgment rendered thereon, the defendant appealed.
Two objections aie taken in this court.
1st. That the declaration does not allege the fact to have been against the peace and dignity of the commonwealth.
2nd. That the plaintiff has not declared for a trespass quare clausum fregit, nor alleged that the defendant broke and entered the close.
The first objection goes to form only, which cannot be regarded under the statute of 1811.
As to the second; it cannot be pretended that stoning the plaintiff’s dwelling house, and with force and arms, with clubs and stones, shattering and breaking down the door, is not actionable. If breaking the door of a dwelling house, by throwing stones and wielding clubs, from the street or from an adjoining close, is not a breach of the close of the owner of the dwelling, then the plaintiff was right in omitting to charge it as a breaking and entering into the close. If it does amount to a breaking of the close of the plaintiff, then the declaration having plainly and substantially set forth the force, assault, and breaking of the door, has done enough. It was unnecessary after stating the facts which constitute a *5 trespass quare clausum fregit, to call the trespass by its name. A Bear well painted and drawn to the life is yet the picture of a Bear, although the er may omit to write over it, “this is the Bear.”
One who stands on his own ground, or the street, and with missiles breaks the house of another, commits a trespass quare clausum freí gil.
Burglary
Actofisit— 1 r with any necessity there was for adhering to the technical term in pleadings.
*5 The declaration alleges that the defendant, with force and arms, did “ stone, shatter and break down the door” of her dwelling house. Is not this a breaking of the close? Is not this a trespass quare clausum fregit9. The dwelling house is one’s close, his fortress, his sanctuary. This the declaration alleges was assaulted and broken with force and arms. How can a trespass quare clausum fregit, be more plainly, more explicitly, and more substantially complained of and averred? It cannot be pretended that one who stands in a street, or in an adjoining close, and by throwing stones and wielding clubs from thence, breaks and shatters the door of the domicil of another, is not guilty of a trespass. He is guilty of breaking the close, and it may be complained of, quare clausum fregit. It is a breach of the close as effectually as if the like violence were done to a house in the country, after the wrong doer had broken the outer close, entered a curtilage, and stoned the mansion house. A personal bodily entry up-j on the land is not necessary to constitute a trespass] quare clausum fregit. One who stands upon his own land, and with force and arms, by throwing stones and clubs, breaks his neighbour’s house, is guilty of trespass quare clausum fregit.
A shop lifter who stands in a street, with a stone breaks the window by throwing, and with a wire draws out the goods, is guilty of house breaking and of felony, as much so as if he had thrust his whole body into the house.
We do not think there is any cahalistick chai’m in the words “ quare clausum fregit,” or “broke and entered the close,” which may not be supplied by fhe averment of the facts which constitute a breach of the close, and the damage arising from such breach.
These objections to this declaration come badly, v... •• tv- ena.cts: -1 after the statue of 1811 — -i —wmui cmu,». “Nor shall any demurrer, either genera] or special, Dig. 262- *6 be sustained, when offered by either plaintiff or defendant, to any part of the pleadings, provided the statement contained In said pleadings, substantially apprise tlie adverse party of the point or points intended to be relied on, and amount to a substial cause of action or defence, as the case may be.”
Mayes, for plaintiff.
The judgement is affirmed, with costs.