## COX v. HOWARD et al.

Court of Appeals of Kentucky.

Oct. 20, 1953.

Louis Cox, Allen Prewitt, Frankfort, for appellant.

William A. Young, Frankfort, for appellees.

SIMS, Chief Justice.

In the primary election held August 1, 1953, J. R. Cox and Vernon T. Howard

were the only candidates for the Democratic nomination for the office of county tax commissioner of Woodford County. Cox won by 17 votes and on August 7 Howard filed a "petition for declaration of rights and recount of primary election ballots" naming Cox and the members of the county board of election commissioners defendants. After answers were filed and proof heard before the court, the judge concluded "petitioner's request or prayer for declaratory relief is not well-taken and that same should be dismissed," but found Howard had won by 11 votes, and Cox appeals.

The petition avers that in precinct No. 5 a total of 148 ballots were cast, none of which were signed on the back by the election officers of that precinct before they were cast; that Cox received 88 and Howard 60 of these ballots; that on August 3, after all ballots in the election had been counted, it was discovered these 148 ballots had not been signed as provided by KRS 118.280, and the county board of election commissioners had the election officers of this precinct reassemble in the courtroom where the count was held and sign these ballots. The petition further asked a recount of all votes cast in the primary and that the 148 ballots be excluded and Howard be declared the nominee. On August 7 the court entered an order fixing bond and directing all ballot boxes and papers used in connection with the election be delivered to the circuit court clerk and that the recount start August 14.

The answer of Cox pleaded: 1. The court lacks jurisdiction in a suit for declaration of rights to recount the ballots; 2. the petition failed to state a claim against Cox upon which relief may be granted; 3. a general denial of the averments of paragraphs 4 to 9, inclusive, of the petition relating to the signing and counting of the ballots in the fifth precinct.

The answer of the election commissioners denied the legal conclusions of the petition that these ballots were not signed as required by KRS 119.220 and 118.280, and then averred that the ballots in the fifth precinct by an oversight were not signed on the day of the primary but on August 3 at the direction of the election commissioners.

In his findings of fact the judge stated that from the appearance of the ballot boxes when opened and from the testimony of Lelia Nave, the clerk who had them in charge, he determined that the boxes had not been tampered with and their integrity had been sufficiently preserved; that the recount made by the court tallied with the count made by the election commissioners except 22 ballots counted by them were rejected by the court, and two ballots rejected by the commissioners were counted by the court. He then threw out the 148 ballots in No. 5 because they were not signed as required by KRS 118.280 and held Howard nominated by 14 votes. He further held as a matter of law "petitioner's request or prayer for declaratory relief is not well-taken and that the same should be dismissed."

The proof shows only 16 boxes were counted on the night of the primary; that the box in precinct No. 17 was not finished and the circuit court clerk, acting as county clerk since the latter was a candidate, put the ballots from precinct No. 17 and the two uncounted boxes in her vault and locked it. The sixteen boxes which had been counted were left unguarded in the circuit courtroom until the count was resumed the following Monday. It was not shown this courtroom was locked over Sunday and the proof tends to show it was not locked and the public had, or could easily obtain, access to it. According to Mr. Colvin Rouse, a day or two after the count was completed he went into the circuit courtroom and the ballot boxes were still there. He further testified that some of the boxes "have become out of shape and beat up out of use," and the lids of some of them were so sprung that on a previous occasion he saw a passerby insert some papers in a ballot box just to show it could be done.

 On this appeal Cox insists the signing of the ballots in precinct No. 5 on August 3 by the election officers amounted to a nunc pro tunc signing based on the

stub book. We cannot agree. The office of a nunc pro tunc entry is to put on record proper evidence of an actual proceeding already taken, and not to cure a defect caused by failure to take such proceeding by making an order now for then. Happy Coal Co. v. Brashear, 263 Ky. 257, 92 S.W.2d 23, 34. The subsequent signing of these ballots has not the slightest relation to a nunc pro tunc order, but was an attempt to correct an omission of an act (signing the ballots) required by KRS 118.280. In a long line of decisions we have held the signing of a ballot on its back to be mandatory. One of our later cases on the subject is Stevens v. Coleman, 311 Ky. 313, 224 S.W.2d 149, 152. To follow appellant's line of reasoning would be to emasculate the statute and to overrule many cases.

■ There is merit in appellant's argument that the integrity of the ballots was not preserved from midnight August 1 until this suit was filed on August 7. From Saturday midnight until the count was resumed on the following Monday, all but three of the ballot boxes were left unprotected in the circuit courtroom to which the public had, or could easily gain, access. Then from August 3 until this action was filed on the 7th, all the boxes remained unprotected in the courtroom and there was evidence some of them were so out of shape that papers could be inserted in them. As far back as Edwards v. Logan, 114 Ky. 312, 70 S.W. 852, 75 S.W. 257, we held ballot boxes will not be opened for recount, or in a contested election, until the person seeking to do so shows with a reasonable degree of certainty that the integrity of the ballots had been preserved since the election. The instant case is not unlike Wilhoit v. Liles, 300 Ky. 564, 189 S.W.2d 851, where there was no showing that the integrity of the ballots had been preserved. Howard argues the boxes themselves show, and the court found from such showing, that there had been no tampering with the ballots. The answer to this argument is that a skillful and adroit election manipulator usually operates in such a manner as to leave no trail.

Howard insists that it is the merest technicality not to permit him to open the ballot boxes, as it is patent from an examination of them there had been no tampering with the ballots. True, a technicality of the law prevents him from opening the boxes, just as a technical provision of KRS 118.280, requiring the ballots to be signed, prevents the officers of the precinct from correcting an oversight and signing them during the recount when it is shown that the ballots were regular in every respect, except for the lack of an official signature. But law is law, whether statutory or judge made, and "all they that take the sword shall perish with the sword."

■ An action for a recount and one contesting a primary election may be joined and the procedure to be followed is purely statutory. KRS 122.020, 122.060; Berndt v. Fitzpatrick, 300 Ky. 484, 189 S.W.2d 678; Wilhoit v. Liles, 300 Ky. 564, 189 S.W.2d 851. Such procedure cannot be changed or obviated by incorporating grounds for a recount or a contest proceeding in a declaratory action. Howard insists that so much of his petition as sought declaratory relief was but surplusage and could not add to or detract from his action for a recount, citing several authorities among them the noted bear case of Prewitt v. Clayton, 5 T.B.Mon. 4, 21 Ky. 4, where it was said a lifelike picture of a bear need not have written under it "this is a bear"; and Doss v. Howard, 180 Ky. 413, 202 S.W. 888, where we said a prayer for an injunction did not affect a cause of action in an election contest. But in the instant case, an attempt was made to obtain a recount and perhaps to contest an election in a declaratory proceeding, and it cannot be said that the declaratory part of the action was but surplusage. Here, there was no picture of bruin nor was that part of the petition seeking a declaration of rights surplusage since the purpose of the petition was to obtain a recount in a declaratory action and thus defeat the procedure prescribed by statute for obtaining a recount. Courts have a discretion in exercising their power to act in declaratory judgment cases and

generally will not take jurisdiction where another statutory remedy has been expressly provided for the character of case presented. Civil Code of Practice 639a–6, now KRS 418.065; Black v. Utter, 300 Ky. 803, 190 S.W.2d 541, and the many authorities therein cited.

The judgment is reversed and one will be entered dismissing Howard's petition and decreeing Cox to be the Democratic nominee for the office of tax comissioner of Woodford County.