RENDERED: AUGUST 14, 2014
TO BE PUBLISHED

# Supreme Court of Kentucky

## 2014-SC-000323-MR

HONORABLE GEORGE W. DAVIS, III                                      APPELLANT


ON APPEAL FROM COURT OF APPEALS
V.                             CASE NO. 2014-CA-000678-OA
FRANKLIN CIRCUIT COURT CASE NO. 14-CI-00114


HONORABLE THOMAS D. WINGATE
JUDGE, FRANKLIN CIRCUIT COURT, DIVISION II                          APPELLEE


AND


MARC I. ROSEN AND
COMMONWEALTH OF KENTUCKY                       REAL PARTIES IN INTEREST


## OPINION AND ORDER

George W. Davis, III, appeals from the order of the Court of Appeals that

denied his petition for a writ commanding the Judge of the Franklin Circuit

Court to dismiss the underlying case for want of jurisdiction. The underlying

case in Franklin Circuit Court is a declaratory judgment action filed by Marc I.

Rosen in which he contests the constitutionality of House Bill (HB) 427 (2013

1

Regular Session), a statute that prohibits judges who have chosen to retire as a Senior Status Special Judge from becoming a candidate for an elected office for five years after retirement.

Davis argues Franklin Circuit Court lacks jurisdiction to decide Rosen's constitutional challenge because the General Assembly, through Kentucky Revised Statutes (KRS) 118.176, has created a statutory mechanism to determine the bona fides of a candidate and that statute vests exclusive jurisdiction in the candidate's county of residence. Rosen, a former Senior Status Judge and a resident of Boyd County, Kentucky, seeks to become a candidate for circuit judge in the 2014 election.

We affirm the order of the Court of Appeals.

## I. FACTUAL AND PROCEDURAL BACKGROUND.

Effective June 25, 2013, HB 427 amended various statutes governing elections.[1] It sought to prohibit "a judge acting as a Senior Status Special Judge" from "becom[ing] a candidate for any elected office during the five (5) year term prescribed in KRS 21.580[.]"[2] To this end, the following language—or a slight variation thereof[3]—was inserted to amend the associated statutes:

---

[1] According to the Legislative Research Commission's (LRC) information on HB 427, the following statutes were amended: KRS 118.105, 118.115, 118.125, 118.305, 118.315, 118.325, 118.375, 118A.100, and 118A.080. However, we are unable to find any indication KRS 118.125 was amended by HB 427.

[2] *Available at*: http://www.lrc.ky.gov/record/13RS/hb427.htm.

[3] Different in text, yet identical in purpose, the following language was inserted into KRS 118.105(7): "However, regardless of the number of days served by a judge acting as a Senior Status Special Judge, a judge who elected to retire as a Senior Status Special Judge in accordance with KRS 21.580 shall not become a candidate for any elected office during the five (5) year term prescribed in KRS 21.580(1)(a)1."

2

A judge who elected to retire as a Senior Status Special Judge in accordance with KRS 21.580 shall not become a candidate or a nominee for any elected office during the five (5) year term prescribed in KRS 21.580 (1)(a)1., regardless of the number of days served by the judge acting as a Senior Status Special Judge.[4]

Before the filing deadline in late January of this year, Rosen submitted nominating papers with the Kentucky Secretary of State to become a candidate for the 32nd Judicial Circuit of Kentucky, First Division, in the 2014 election cycle. Rosen held the same Boyd Circuit judgeship for which he now seeks to become a candidate until January 31, 2009, when he elected to retire as a Senior Status Special Judge.

After submitting his nominating papers, Rosen filed the underlying declaratory judgment action in Franklin Circuit Court, seeking a determination of the constitutionality of HB 427.[5] As the incumbent seeking re-election, Davis sought and was granted leave to intervene in Rosen's suit. Immediately, Davis moved to dismiss for want of jurisdiction, raising essentially the same question he now presents in this appeal. The Franklin Circuit Court denied Davis's motion to dismiss.

A week after Rosen filed the underlying declaratory action in Franklin Circuit Court, a concerned voter in Boyd County filed an action challenging the bona fides of Rosen's candidacy under KRS 118.176(2). It is unnecessary for the resolution of this appeal to go into much detail discussing the proceedings in Boyd Circuit. In short, the Boyd Circuit found Rosen was disqualified from

---

[4] *E.g.*, KRS 118.115(2).

[5] As an aside, *Steve D. Hurt v. State Board of Elections, et al.*, Case No. 14-CI-00152, a case mirroring the facts and proceedings of the instant case, is now final. In that case, Franklin Circuit Judge Philip Shepherd found HB 427 unconstitutional.

3

being a candidate because he had been a Senior Status Special Judge and the five-year term in KRS 21.580(1)(a)1 had not passed. The Boyd Circuit made no explicit determination concerning the constitutionality of HB 427 but perhaps implicitly upheld its constitutionality because it applied the terms of HB 427 to disqualify Rosen.

Under Kentucky Rules of Civil Procedure (CR) 65.07, Rosen petitioned the Court of Appeals to set aside the Boyd Circuit order. The Court of Appeals granted Rosen's motion, specifically finding "it was incumbent upon [Boyd Circuit] to either address the constitutional question underpinning the controversy or to defer any ruling until the Franklin Circuit Court had resolved the constitutional question."[6]

Meanwhile, in Franklin Circuit, Davis renewed his motion to dismiss following Boyd Circuit's judgment. Again, the Franklin Circuit denied Davis's motion, noting that despite Rosen asserting the constitutionality of HB 427 as a defense in Boyd Circuit, the merits of the issue had not been previously litigated; and, accordingly, the Franklin Circuit found the constitutional question properly before it, irrespective of the bona fides challenge in Boyd Circuit. Davis promptly initiated the writ action in the Court of Appeals and moved the Franklin Circuit to stay the proceedings there in the interim.

Franklin Circuit declined to grant Davis's motion for a stay but elected to postpone reviewing arguments or ruling on the issue until the conclusion of

---

[6] *Rosen v. Hall*, 2014-CA-000448-EL, p. 7-8 (Ky.App. June 4, 2014). This action is now pending before this Court on a CR 65.09 motion to vacate. *Hall v. Rosen*, 2014-SC-000312-MR.

4

Davis's writ action in the Court of Appeals. As it currently stands, Rosen's initial declaratory action is fully briefed to the Franklin Circuit Court and awaits final decision.

The Court of Appeals denied Davis's writ petition, clearly expressing that "[t]he declaratory judgment action filed by [] Rosen in Franklin Circuit Court was not a challenge to his *bona fides*; to the contrary, the Franklin Circuit Court action is a challenge to the statute that prevents him from being a *bona fide* candidate."[7]

The only issue before us in this appeal is whether the Franklin Circuit has jurisdiction to decide the constitutionality of HB 427 as raised in Rosen's declaratory judgment action. It is important to emphasize that the merits of the argument surrounding the constitutionality of HB 427 are not before us in the present appeal. Neither is the question of whether Rosen possesses the bona fides to be a candidate for the 32nd Judicial Circuit of Kentucky, First Division.

## II. ANALYSIS.

Because a writ is truly an extraordinary remedy, we allow writs to issue only in remarkable situations:

> A writ of prohibition *may* be granted upon a showing that (1) the lower court is proceeding or is about to proceed outside of its jurisdiction and there is no remedy through an application to an intermediate court; or (2) that the lower court is acting or is about to act erroneously, although within its jurisdiction, and there exists no adequate remedy by appeal or otherwise and great

---

[7] *Davis v. Rosen*, No. 2014-CA-000678-OA, p. 6-7 (Ky.App. June 10, 2014).

5

injustice and irreparable injury will result if the petition is not granted.[8]

This case presents a writ of the first class because Davis argues the Franklin Circuit is proceeding outside of its jurisdiction by entertaining Rosen's declaratory action.

Identifying the class of writ presented is the starting point to establish the standard for our review. As we have previously noted, "the proper standard [of review] actually depends on the class, or category, of writ case."[9] Rosen argues we should employ a bifurcated standard: clear error for the irreparable injury aspect and de novo for the jurisdiction question.[10] We disagree. Contrary to Rosen's assertion, this class of writ action—the trial court acting allegedly *outside* its jurisdiction—does not require a showing of irreparable injury or the absence of an adequate remedy by appeal. Those prerequisites apply only in the second class of writ actions—actions in which the trial court is allegedly erroneous but *within* its jurisdiction.[11] As we noted in *Hoskins v.*

---

[8] *Hoskins v. Maricle*, 150 S.W.3d 1, 10 (Ky. 2004).

[9] *Grange Mut. Ins. Co. v. Trude*, 151 S.W.3d 803, 810 (Ky. 2004).

[10] In arguing for this standard, Rosen highlights a single sentence in the opinion of the Court of Appeals. The penultimate sentence in the opinion reads, "nor is there a showing that the Franklin Circuit Court is acting erroneously within its jurisdiction to petitioner's irreparable detriment as required by the seminal case of *Hoskins v. Maricle*[.]" *Davis*, No. 2014-CA-000678-OA at p. 8. Rather than resting any portion of its reasoning or holding on Franklin Circuit acting erroneously within its jurisdiction, the Court of Appeals appears simply to be reciting the accepted writ classes and eliminating all possibilities.

[11] The Court made this clear in *Hoskins*: "But if the petition alleged only that the trial court was acting erroneously within its jurisdiction, a writ would issue *only* if it was shown that there was no adequate remedy by appeal *and* great injustice and irreparable harm would otherwise occur." *Hoskins*, 150 S.W.3d at 9. This, of course, is not a novel position. At least as early as 1905, Kentucky law explicitly noted a lack of appellate remedy was not required when the trial court was allegedly acting without

6

*Maricle*, our decision in *Shumaker v. Paxton*[12] apparently engendered this confusion.[13] In so noting, the *Hoskins* Court rejected *Shumaker*'s thin reasoning and "depart[ed] from those cases holding that the existence of an adequate remedy by appeal precludes the issuance of a writ to prohibit a trial court from acting outside its jurisdiction."[14] Rosen's bifurcated approach is not appropriate.

Instead, "[d]e novo review will occur most often under the first class of writ cases, i.e., where the lower court is alleged to be acting outside its jurisdiction, because jurisdiction is generally only a question of law."[15] The error alleged by Davis does not involve the review of any findings of fact; accordingly, clear error is incorrect, and de novo is the appropriate standard.

We feel it prudent to begin our review with a proper understanding of jurisdiction and what it means for a court to act outside its jurisdiction. Unfortunately, the term *jurisdiction* is often "more easily used than

---

jurisdiction. *See Hargis v. Parker*, 85 S.W. 704, 706 (Ky. 1905) (finding availability of appellate remedy not dispositive when lower court acting without jurisdiction); *Chamblee v. Rose*, 249 S.W.2d 775, 776-77 (Ky. 1952) (compiling historic cases and emphasizing "[o]ur opinions have consistently distinguished between those cases: (1) where the inferior court lacks jurisdiction; and (2) where the court, having jurisdiction, is proceeding erroneously. It is in the latter class of cases that we have emphasized the need for a showing of great injustice and irreparable injury for which there is no adequate remedy by appeal or otherwise.").

[12] 613 S.W.2d 130 (Ky. 1981).

[13] *See Hoskins*, 150 S.W.3d at 9-10 (noting the Court in *Shumaker* "held for the first time since 1915 that a writ could not be issued to prohibit a lower court from proceeding outside its jurisdiction absent a showing that there was no adequate remedy by appeal.").

[14] *Id.* at 10.

[15] *Trude*, 151 S.W.3d at 810.

understood."[16] In Kentucky, circuit courts are courts of "general jurisdiction,"[17] which means that circuit courts "shall have original jurisdiction of *all* justiciable causes not vested in some other court."[18] Jurisdiction, when used here, refers to subject-matter jurisdiction: the authority not simply to hear "this case[,] but *this kind of case.*"[19] Narrowing these broad concepts, "constitutional provisions and statutes [may] assign[] to the courts specific types of claims and causes of action[.]"[20] A court acts outside its jurisdiction, accordingly, only "where [it] has not been given, by constitutional provision or statute, the power to do anything at all."[21] In essence, this is Davis's argument: the General Assembly, through KRS 118.176, has vested specific courts with specific types of claims and, here, that specific court is Boyd Circuit.

We do not dispute the General Assembly's ability to designate specific claims appropriate for specific courts. For example, a number of statutes assign claims exclusively to Franklin Circuit; and we acknowledged as much in

---

[16] *Duncan v. O'Nan*, 451 S.W.2d 626, 631 (Ky. 1970) (quoting *Commonwealth, Dept. of Highways v. Berryman*, 363 S.W.2d 525, 526 (Ky. 1963)).

[17] KRS 23A.010(1).

[18] Ky. Const. § 112(5) (emphasis added).

[19] *Daugherty v. Telek*, 366 S.W.3d 463, 466 (Ky. 2012) (internal quotation marks omitted); *Lee v. George*, 369 S.W.3d 29, 33 (Ky. 2012) ("In the context of extraordinary writs, jurisdiction refers not to mere legal errors but to subject-matter jurisdiction, which goes to the court's core authority to even hear cases.") (internal citations and quotation marks omitted).

[20] *Daugherty*, 366 S.W.3d at 466.

[21] *Id.* at 467.

8

*Commonwealth ex rel Conway v. Thompson.*[22] Typically, this designation is one of venue rather than jurisdiction; and jurisdiction should not be confused with venue. Of course, "the required observance of proper venue is deeply imbedded in Kentucky law[]";[23] but jurisdiction "relat[es] to the power of courts to adjudicate" while venue "relat[es] to the proper place for the claim to be heard[.]"[24]

KRS 418.040 allows a claim for a declaration of rights to be brought in any court of record in the Commonwealth. As previously mentioned, circuit courts are such courts of record.[25] So, beyond cavil, the Franklin Circuit had jurisdiction over Rosen's declaratory action. Again, subject-matter jurisdiction relates to a court's ability to hear a particular *kind* of case, not *this particular* case. Theoretically, by statutory and constitutional design, Rosen was permitted to file his declaratory action in any circuit court in the Commonwealth. The remaining question is whether KRS 118.176 strips the Franklin Circuit of jurisdiction because, as Davis argues, Rosen's declaratory action is in actuality a challenge to a candidate's bona fides as described under KRS 118.176.

---

[22] 300 S.W.3d 152, 163 n.27 (Ky. 2009); *see, e.g.,* KRS 45A.245(1) ("Any such action shall be brought in the Franklin Circuit Court and shall be tried by the court sitting without a jury.").

[23] *Fritsch v. Caudill,* 146 S.W.3d 926, 927 (Ky. 2004).

[24] *Dollar Gen. Stores, Ltd. v. Smith,* 237 S.W.3d 162, 166 (Ky. 2007).

[25] KRS 23A.010(3) ("The Circuit Court is a court of record and of continuous session.").

With its limiting language, KRS 118.176, on the other hand, is not nearly as broad as KRS 418.040. The relevant portion of KRS 118.176 reads:

> The bona fides of any candidate seeking nomination or election in a primary or in a special or regular election may be questioned by any qualified voter entitled to vote for the candidate or by an opposing candidate by summary proceedings consisting of a motion before the Circuit Court of the judicial circuit in which the candidate whose bona fides is questioned resides.

In *Noble v. Meagher*, we held KRS 118.176 provided the "only proper procedure for challenging the qualifications of a [] candidate before the election[.]"[26] And that holding remains true today: KRS 118.176 is the only statutory method to challenge a candidate's bona fides in court before election. Unquestionably, an action challenging Rosen's bona fides under KRS 118.176 would not have been proper in Franklin Circuit. These facts, however, are not dispositive of the instant case because Rosen simply did not bring an action, in form or substance, challenging the bona fides of a candidate. Davis's reliance on *Noble* is misguided.

The distinction here is admittedly fine; but it is an important distinction, nonetheless. Rosen is challenging the constitutionality of a statute delineating the requisite bona fides. But he is not challenging whether he possesses those bona fides. That determination currently pends in its rightful place, the Boyd Circuit.

Davis's assertion that this places form over substance is specious. The mere fact that if the statute is found unconstitutional, the obstacles to Rosen's

---

[26] 686 S.W.2d 458, 460 (Ky. 1985).

candidacy will be eliminated does not convert Rosen's declaratory action to a bona fides challenge under KRS 118.176. The constitutionality of HB 427 is not solely dispositive of Rosen's candidacy. It must still be shown that he complies with all requirements listed in Section 122 of the Kentucky Constitution.

Similarly misguided is Davis's argument that a ruling by the Franklin Circuit on the constitutionality of HB 427 would not be binding on the Boyd Circuit.[27] Frankly speaking, so long as the applicable law is followed, a litigant's choice to pursue a potentially hollow victory is not for us to consider here. We are not responsible for trying the case for the parties or ensuring the best litigation strategy. Instead, we are simply responsible for enforcing the law. The soundness of Rosen's decision to go to Franklin Circuit and get a declaratory judgment, perhaps risking disagreement or refusal to enforce by Boyd Circuit, is inconsequential to this writ appeal.[28] Equally puzzling is Davis's decision not to seek a transfer on improper venue or forum non conveniens grounds.[29]

---

[27] We take no position on this point because it is not properly before this Court.

[28] As an aside, Rosen's assertion that if we were to adopt Davis's reading of KRS 118.176, it would be absurd for him to be forced to sue himself to challenge his bona fides is inaccurate. KRS 118.176 explicitly permits Rosen to file an action challenging his own bona fides. As a candidate seeking nomination to the ballot, we assume Rosen is a qualified voter. By its own terms, KRS 118.176 permits "any qualified voter entitled to vote for the candidate" to submit a motion challenging a candidate's bona fides. If Rosen was truly concerned about violating election law, as he argues to this Court, perhaps challenging his own bona fides was a proper course of action. Regardless, Rosen was not required to wait for a voter, other than himself, to file a claim challenging his bona fides at the eleventh hour.

[29] Davis's argument that our result today makes an absurdity of KRS 118.176 by allowing proceedings in two circuit courts is unavailing. Primarily, this argument

11

The important point is that Rosen's declaratory action was a permitted action. The Franklin Circuit has jurisdiction to hear Rosen's declaratory action regarding the constitutionality of HB 427. As we have stated before, the remedy for the unfortunate possibility of inconsistent results between judicial circuits lies with the General Assembly.[30]

## III. CONCLUSION.

In sum, Rosen's declaratory action is an appropriate action under both KRS 418.040 and KRS 118.176. Accordingly, the Court ORDERS:

1)   The decision of the Court of Appeals to deny Davis's writ petition is AFFIRMED; and

2)   This matter is REMANDED to the Franklin Circuit Court for further proceedings consistent with this opinion.

All sitting. Minton, C.J.; Abramson, Keller, Noble, and Venters, JJ., concur. Scott, J., dissents by separate opinion in which Cunningham, J., joins.

SCOTT, J., DISSENTING: I must respectfully dissent from the majority's opinion because, by allowing Petitioner Rosen's action for declaratory judgment to proceed in Franklin Circuit Court, the majority contravenes the legislative intent behind KRS 118.176, which requires that a candidate's qualifications for office must exclusively be determined by the court of the county in which the

---

lacks merit because Davis, himself, could have prevented this so-called absurdity by simply petitioning the court for a transfer of venue. The record, however, indicates no such argument to the Franklin Circuit. It is difficult to uphold an argument calling a statute an absurdity when the ability to avoid said absurdity lies with the parties.

[30] *Thompson*, 300 S.W.3d at 163 n.30.

12

candidate resides. Moreover, the majority bases its decision on a questionable distinction between "constitutional" and bona fides claims, and it overlooks precedent from this Court holding that declaratory relief is unavailable when an exclusive statutory remedy has been established by the General Assembly. The practical effect of the majority's disregard of the exclusive statutory remedy established in KRS 118.176 will be to permit multiple lawsuits across jurisdictions, which will create conflicting court orders and lead to confusion in the lower courts—one judge against another on the same case with separate tracks of appeal! This is a bad way to run a railroad, much less a court system.

As a starting point for my dissent, I note that the majority acknowledges that the legislature intended for a candidate's qualifications for office to be exclusively determined by the courts of the county in which the candidate resides. KRS 118.176. As applied here, KRS 118.176 should ensure that Petitioner Rosen's qualifications as a candidate for election in Boyd County would be exclusively determined by the Boyd Circuit Court, yet the majority reaches the conclusion that Rosen can bring a separate action seeking a declaratory judgment in favor of the legitimacy of his Boyd-County candidacy in Franklin Circuit Court. The majority bases this conclusion on the "admittedly fine" distinction that Rosen's declaratory Petition is not challenging his bona fides, but rather the constitutionality of the statute delineating his bona fides.

My first concern with the distinction made by the majority is that I do not share the majority's confidence that the declaratory judgment action in Franklin Circuit Court presents a purely constitutional question completely severed from all questions of Rosen's bona fides. Rosen's Petition argues that an issue exists as to "whether the Senior Status commitment is for five (5) years or six hundred (600) days." Rosen also asserts that he has completed six hundred days of service. It is well-settled that our courts should "refrain from reaching constitutional issues when other, non-constitutional grounds can be relied upon." *Baker v. Fletcher*, 204 S.W.3d 589, 597-98 (Ky. 2006). Our doctrine of constitutional avoidance applies to declaratory judgments. *See id.* Thus, Rosen has invited the Franklin Circuit Court to address his bona fides pertaining to his days (or years) of service before it proceeds to his constitutional question. These are exactly the type of bona fides determinations the legislature intended for the courts of the potential candidate's county of residence to address pursuant to KRS 118.176.

My second objection to the majority's opinion, and its distinction between constitutional and bona fides challenges, is that it disregards longstanding Kentucky precedent holding that declaratory relief is unavailable "where a special statute is clearly intended to provide an exclusive remedy." *Iroquois Post No. 229 v. City of Louisville*, 279 S.W.2d 13, 14 (Ky. 1955); *see also Sullenger v. Sullenger's Adm'x*, 152 S.W.2d 571, 574 (Ky. 1941) (explaining that a declaratory action is not a substitute for actions intended to be brought in a particular manner). Unlike the majority, I do not believe that Rosen should be

14

allowed to escape the exclusive statutory remedy of KRS 118.176 by asserting a constitutional claim when the apparent purpose of his petition is to seek election in Boyd County.

Our predecessor Court's opinion in *Cox v. Howard* suggests that we should look beyond the form of the claim asserted in a declaratory action to ascertain whether the underlying purpose of a petition falls within an area covered by an exclusive statutory remedy. 261 S.W.2d 673 (Ky. 1953). In *Howard*, the Court dismissed a party's petition for a declaration, which sought a recount of primary election ballots. *Id.* The Court noted that the procedures to be followed in an action for recount were statutorily prescribed in KRS 122.020 and KRS 122.060. Moreover, the Court stated, "[s]uch procedure cannot be changed or obviated by incorporating grounds for a recount . . . proceeding in a declaratory action." *Id.* The *Howard* Court dismissed the proceeding, noting that the purpose of the petition was to obtain a recount in a declaratory action, thus defeating the procedure prescribed by statute. *Id.*

Similarly, the purpose of Rosen's petition is to obtain a ruling that he may seek election under the law—that he is a bona fide candidate. KRS 118.176(1). Indeed, Rosen's own petition admits that he seeks to have KRS 118.176 declared unconstitutional for the explicit purpose of allowing him to seek election to the office of circuit judge in Boyd County. Therefore, applying our precedent from *Howard*, I would find that the Franklin Circuit Court's jurisdiction to hear Rosen's Petition for declaratory relief was superseded by KRS 118.176's directive that challenges to a candidate's bona

15

fides must be heard in the candidate's county of residence – the Boyd Circuit Court in this instance. Accordingly, I would reverse the Court of Appeals and grant a writ of prohibition to enjoin the Franklin Circuit Court from considering Rosen's petition for declaratory judgment.

In so doing, I would avoid the needless inefficiencies, complexities, and conflicts that the majority's opinion is bound to produce. Under the dueling-jurisdictions approach advocated by the majority, it is not unlikely that the Franklin and Boyd circuit courts might issue competing injunctions. If the Franklin Circuit were to rule that KRS 118.176 is unconstitutional, it could issue an injunction ordering Rosen to be included on the election ballot. Suppose, too, that the Boyd Circuit ruled that Rosen could not be on the ballot because he lacked bona fides under KRS 118.176. The Boyd Circuit might then issue an injunction preventing Rosen from being placed on the election ballot. The Franklin Circuit's holding would not bind the Boyd Circuit Court. Thus, there appears to be no utility in the piecemeal approach to the case the majority's opinion countenances.

In fact, the majority acknowledges that its holding creates the potential for competing, contradictory decisions by the circuit courts. Nonetheless, the majority opinion concludes by asserting that the "remedy for the unfortunate possibility of inconsistent results between judicial circuits lies with the General Assembly." But, I am left to ask, is that not what the General Assembly tried to accomplish by enacting KRS 118.176? It seems to me that the majority creates the problem it complains of by holding that the jurisdiction created by the

16

legislature's exclusive remedy provision in KRS 118.176 is coextensive with the jurisdiction created by the declaratory judgment act.

The majority's solution appears all the more unsatisfactory when compared to KRS 118.176's provisions aimed at ensuring that candidate eligibility challenges are quickly and efficiently adjudicated so as to provide minimal interference with the election process. To that end, KRS 118.176 establishes a process whereby "[t]he bona fides of any candidate seeking nomination or election in a primary or in a special or regular election may be questioned . . . *by summary proceedings.*" KRS 118.176(2) (emphasis added). The statute also provides for an expedited appeal process, requiring that a motion to set aside the Circuit Court's order be filed within five days. KRS 118.176(4). KRS 418.040, the declaratory judgment statute, by contrast, contains no such allowance for summary proceedings or expedited appeals. Therefore, practically speaking, any appeal arising from the Franklin Circuit's decision is unlikely to conclude before the November 2014 election.

In sum, it is apparent to me that KRS 118.176 provides for an expedited process that is more adequate for resolving questions of Rosen's bona fides, including the defense that the statute preventing his candidacy is constitutional, than the declaratory judgment process. However, the majority's opinion, by allowing Rosen's declaratory judgment action to proceed, sets a precedent whereby a potential candidate can bypass the procedures set forth in KRS 118.176 by alleging a constitutional claim. Because the end result of this

17

decision will be unnecessary and complicated litigation, I must respectfully dissent.

Cunningham, J., joins.

ENTERED this 14th day of August, 2014.

_____
CHIEF JUSTICE JOHN D. MINTON, JR.