SCOTT, J.,
dissenting:
I must respectfully dissent from the majority’s opinion because, by allowing Petitioner Rosen’s action for declaratory judgment to proceed in Franklin Circuit Court, the majority contravenes the legislative intent behind KRS 118.176, which requires that a candidate’s qualifications for office must exclusively be determined by the court of the county in which the candidate resides. Moreover, the majority bases its decision on a questionable distinction between “constitutional” and bona fides claims, and it overlooks precedent from this Court holding that declaratory relief is unavailable when an exclusive statutory remedy has been established by the General Assembly. The practical effect of the majority’s disregard of the exclusive statutory remedy established in KRS 118.176 will be to permit multiple lawsuits across jurisdictions, which will create conflicting court orders and lead to confusion in the lower courts — one judge against another on the same case with separate tracks of appeal! This is a bad way to run a railroad, much less a court system.
As a starting point for my dissent, I note that the majority acknowledges that the legislature intended for a candidate’s qualifications for office to be exclusively determined by the courts of the county in which the candidate resides. KRS 118.176. As applied here, KRS 118.176 should ensure that Petitioner Rosen’s qualifications as a candidate for election in Boyd County would be exclusively determined by the Boyd Circuit Court, yet the majority reaches the conclusion that Rosen can bring a separate action seeking a declaratory judgment in favor of the legiti *728 macy of his Boyd-County candidacy in Franklin Circuit Court. The majority bases this conclusion on the “admittedly fíne” distinction that Rosen’s declaratory Petition is not challenging his bona fides, but rather the constitutionality of the statute delineating his bona fides.
My first concern with the distinction made by the majority is that I do not share the majority’s confidence that the declaratory judgment action in Franklin Circuit Court presents a purely constitutional question completely severed from all questions of Rosen’s bona fides. Rosen’s Petition argues that an issue exists as to “whether the Senior Status commitment is for five (5) years or six hundred (600) days.” Rosen also asserts that he has completed six hundred days of service. It is well-settled that our courts should “refrain from reaching constitutional issues when other, non-constitutional grounds can be relied upon.” Baker v. Fletcher, 204 S.W.3d 589, 597-98 (Ky.2006). Our doctrine of constitutional avoidance applies to declaratory judgments. See id. Thus, Ro-sen has invited the Franklin Circuit Court to address his bona fides pertaining to his days (or years) of service before it proceeds to his constitutional question. These are exactly the type of bona fides determinations the legislature intended for the courts of the potential candidate’s county of residence to address pursuant to KRS 118.176.
My second objection to the majority’s opinion, and its distinction between constitutional and bona fides challenges, is that it disregards longstanding Kentucky precedent holding that declaratory relief is unavailable “where a special statute is clearly intended to provide an exclusive remedy.” Iroquois Post No. 229 v. City of Louisville, 279 S.W.2d 13, 14 (Ky.1955); see also Sullenger v. Sullenger’s Adm’x, 287 Ky. 232, 152 S.W.2d 571; 574 (1941) (explaining that a declaratory action is not a substitute for actions intended to be brought in a particular manner). Unlike the majority, I do not believe that Rosen should be allowed to escape the exclusive statutory remedy of KRS 118.176 by asserting a constitutional claim when the apparent purpose of his petition is to seek election in Boyd County.
Our predecessor Court’s opinion in Cox v. Howard suggests that we should look beyond the form of the claim asserted in a declaratory action to ascertain whether the underlying purpose of a petition falls within an area covered by an exclusive statutory remedy. 261 S.W.2d 673 (Ky.1953). In Howard, the Court dismissed a party’s petition for a declaration, which sought a recount of primary election ballots. Id. The Court noted that the procedures to be followed in an action for recount were statutorily prescribed in KRS 122.020 and KRS 122.060. Moreover, the Court stated, “[sjuch procedure cannot be changed or obviated by incorporating grounds for a recount ... proceeding in a declaratory action.” Id. The Howard Court dismissed the proceeding, noting that the purpose of the petition was to obtain a recount in a declaratory action, thus defeating the procedure prescribed by statute. Id.
Similarly, the purpose of Rosen’s petition is to obtain a ruling that he may seek election under the law — that he is a bona fide candidate. KRS 118.176(1). Indeed, Rosen’s own petition admits that he seeks to have KRS 118.176 declared unconstitutional for the explicit purpose of allowing him to seek election to the office of circuit judge in Boyd County. Therefore, applying our precedent from Howard, I would find that the Franklin Circuit Court’s jurisdiction to hear Rosen’s Petition for declaratory relief was superseded by KRS 118.176’s directive that challenges to a candidate’s bona fides must be heard in the *729 candidate’s county of residence-the Boyd Circuit Court in this instance. Accordingly, I would reverse the Court of Appeals and grant a writ of prohibition to enjoin the Franklin Circuit Court from considering Rosen’s petition for declaratory judgment.
In so doing, I would avoid the needless inefficiencies, complexities, and conflicts that the majority’s opinion is bound to produce. Under the dueling-jurisdictions approach advocated by the majority, it is not unlikely that the Franklin and Boyd circuit courts might issue competing injunctions. If the Franklin Circuit were to rule that KRS 118.176 is unconstitutional, it could issue an injunction ordering Rosen to be included on the election ballot. Suppose, too, that the Boyd Circuit ruled that Rosen could not be on the ballot because he lacked bona fides under KRS 118.176. The Boyd Circuit might then issue an injunction preventing Rosen from being placed on the election ballot. The Franklin Circuit’s holding would not bind the Boyd Circuit Court. Thus, there appears to be no utility in the piecemeal approach to the case the majority’s opinion countenances.
In fact, the majority acknowledges that its holding creates the potential for competing, contradictory decisions by the circuit courts. Nonetheless, the majority opinion concludes by asserting that the “remedy for the unfortunate possibility of inconsistent results between judicial circuits lies with the General Assembly.” But, I am left to ask, is that not what the General Assembly tried to accomplish by enacting KRS 118.176? It seems to me that the majority creates the problem it complains of by holding that the jurisdiction created by the legislature’s exclusive remedy provision in KRS 118.176 is coextensive with the jurisdiction created by the declaratory judgment act.
The majority’s solution appears all the more unsatisfactory when compared to KRS 118.176’s provisions aimed at ensuring that candidate eligibility challenges are quickly and efficiently adjudicated so as to provide minimal interference with the election process. To that end, KRS 118.176 establishes a process whereby “[t]he bona fides of any candidate seeking nomination or election in a primary or in a special or regular election may be questioned ... by summary proceedings.” KRS 118.176(2) (emphasis added). The statute also provides for an expedited appeal process, requiring that a motion to set aside the Circuit Court’s order be filed within five days. KRS 118.176(4). KRS 418.040, the declaratory judgment statute, by contrast, contains no such allowance for summary proceedings or expedited appeals. Therefore, practically speaking, any appeal arising from the Franklin Circuit’s decision is unlikely to conclude before the November 2014 election.
In sum, it is apparent to me that KRS 118.176 provides for an expedited process that is more adequate for resolving questions of Rosen’s bona fides, including the defense that the statute preventing his candidacy is constitutional, than the declaratory judgment process. However, the majority’s opinion, by allowing Rosen’s declaratory judgment action to proceed, sets a precedent whereby a potential candidate can bypass the procedures set forth in KRS 118.176 by alleging a constitutional claim. Because the end result of this decision will be unnecessary and complicated litigation, I must respectfully dissent.
CUNNINGHAM, J„ joins.
ENTERED: August 14, 2014.
/s/ John D. Minton, Jr.