# Supreme Court of Kentucky

## 2020-SC-0372-MR

HARPER SUB CLUB, LLC AND                                    APPELLANTS
PAIGE MCKEE

|       | ON REVIEW FROM COURT OF APPEALS |
| ----- | ------------------------------- |
| V.    | NO. 2020-CA-0211                |
|       | BOONE CIRCUIT COURT NO. 17-CI-00662 |

HONORABLE JAMES R. SCHRAND,                                    APPELLEE
JUDGE, BOONE CIRCUIT COURT

AND

MARKUS RESING                                    REAL PARTY IN INTEREST

### ORDER FOR MODIFICATION

The Petition for Rehearing, filed by the Appellant, of the Opinion of the Court, rendered August 26, 2021, is DENIED. We have, however, attached a modified Opinion of the Court that is hereby ORDERED SUBSTITUTED for the Opinion originally rendered. This modification does not affect the holding of the original Opinion.

All sitting. All concur.

ENTERED: June 16, 2022.

_____
CHIEF JUSTICE

# Supreme Court of Kentucky

2020-SC-0372-MR

HARPER SUB CLUB, LLC AND                                      APPELLANTS
PAIGE MCKEE

ON APPEAL FROM COURT OF APPEALS
NO.  2020-CA-0211
V.                            BOONE CIRCUIT COURT NO. 17-CI-00662

HONORABLE JAMES R. SCHRAND,                                    APPELLEE
JUDGE, BOONE CIRCUIT COURT

AND

MARKUS RESING                            REAL PARTY IN INTEREST

**MEMORANDUM OPINION OF THE COURT**

**<u>AFFIRMING</u>**

Alleging failures by both the trial and appellate courts to properly interpret our Civil Rules[1], Rules of Evidence[2], as well as the Kentucky Uniform Commercial Code, Petitioners Harper Sub Club, LLC and Paige McKee request a writ of prohibition and/or mandamus under both the first and second class of writs as well as the "certain special circumstances" exception.  Finding the petition without merit, we affirm the Court of Appeals' decision.

---

[1] Kentucky Rules of Civil Procedure.

[2] Kentucky Rules of Evidence.

## I. Factual and Procedural Background

The factual premise of the appeal is founded on the terms of a loan between Markus Resing and Paige McKee, a co-owner and managing member of Harper Sub Club, LLC.  In 2010, Resing loaned Sub Club $50,000 at 8% interest.  The loan was to mature in 2012.  McKee, a licensed attorney, drafted the note, which included an option for Sub Club to convert the outstanding debt into an ownership interest for Resing.

McKee made no payments on the debt, but allegedly made continual assurances to Resing that the LLC would repay the loan.  However, in 2017, McKee liquidated Sub Club's assets without notifying Resing.  McKee utilized the proceeds of her sale in part to pay off her student loan debt.  Consequently, Resing filed a complaint in Boone Circuit Court against Sub Club and McKee seeking repayment of the loan.  Following discovery, Resing filed a motion for summary judgment, which was granted in part and denied in part.

Sub Club moved for the trial court to make its partial summary judgment final and appealable.[3]  The trial court denied the motion.  Thereafter, the attorney representing Sub Club withdrew.  Resing renewed his motion for summary judgment in January 2020, but before the trial court could rule, McKee, on behalf of Sub Club, filed the writs at issue with the Court of

---

[3] We note, that although irrelevant to this appeal, McKee has filed numerous other motions, often tardy and with flimsy legal or procedural support.

2

Appeals.[4]  The Court of Appeals denied the petitions for Prohibition and/or

Mandamus.   This appeal followed.

## II. Standard of Review

Because writs, definitionally, depart from our regular process, they are

always accompanied with a "specter of injustice[.]"  *S. Fin. Life Ins. Co. v.*

*Combs*, 413 S.W.3d 921, 925 (Ky. 2013) (quoting *Cox v. Braden*, 266 S.W.3d

792, 795 (Ky. 2008)).  Consequently, writs are only appropriate in the most

exacting and extraordinary circumstances, with the application of an

exceedingly strict standard to determine the availability of the remedy being

sought.  *Combs*, 413 S.W.3d at 925.

Since granting a writ is a discretionary act, we generally review the Court

of Appeals decision for abuse of discretion; reserving clear error review for any

factual findings made.  *Id.* at 926.  However, for questions of law, such as

jurisdictional matters in writs of the first class, our standard of review remains

*de novo.  Id.*

## III. Analysis

### A. A writ of the first class is not appropriate.

Petitioners' claim to the first class of writs may be dealt with summarily.

Writs of the first class invoke subject matter jurisdiction; whether a court may

hear a "kind of case[.]"  *Davis v. Wingate*, 437 S.W.3d 720, 725 (Ky. 2014)

(citations omitted).  A court acts outside of its jurisdiction only when no

---

[4] During the pendency of the Court of Appeals action, McKee also filed for, and was denied, intermediary relief.

"constitutional provision or statute[]" grants authority for the court to hear the case. *Id.* The Boone Circuit Court, as a court of general jurisdiction, has "original jurisdiction of all justiciable causes not vested in some other court." Ky. Const. § 112(5); *see also* KRS[5] 23A.010(1) ("[The Circuit Court] has original jurisdiction of all justiciable causes not exclusively vested in some other court[]"). Since the underlying claim to this petition is a contract dispute involving more than $5,000, the Boone Circuit Court enjoys the necessary jurisdiction to hear the claim. *See* KRS 24A.120(1) (granting the District Court exclusive jurisdiction to hear civil matters involving $5,000 or less; with enumerated exceptions). Petitioners' argument regarding Resing's standing to bring the case is entirely inapposite because it simply does not implicate the court's ability to hear the case.[6]

### B. No writ of the second class is appropriate.

When a party seeks a writ of the second class, the petition may be granted if the party can demonstrate that (1) "no adequate remedy by appeal or otherwise" exists and (2) that it would suffer a "great injustice and irreparable injury" if we fail to grant its petition. *Hoskins v. Maricle,* 150 S.W.3d 1, 6 (Ky. 2004) (internal citation omitted). In "certain special cases" we may waive a petitioner's requirement to show great injustice and irreparable harm if it can demonstrate that correcting the error is "necessary and appropriate in the

---

[5] Kentucky Revised Statutes.

[6] Petitioners' claims amount to questioning Resing's legal entitlement to bring the suit, when in fact, the Boone Circuit Court is the appropriate judicial forum to hear any arguments regarding Resing's standing in the first place.

4

interest of orderly judicial administration." *Marcum v. Scorsone*, 457 S.W.3d 710, 715-16 (Ky. 2015) (citations omitted). In such cases, the Court recognizes that by failing to grant the writ, the system itself will be the victim of "great and irreparable injury." *Id.*

The functional result of our two-part test and "certain special cases" exception is that petitioners are always required to show that they have no "adequate remedy by appeal or otherwise." Contextually, this requires petitioners to prove that injurious conduct of the lower court "could not thereafter be rectified in subsequent proceedings in the case." *Newell Enters., Inc. v. Bowling*, 158 S.W.3d 750, 754 (Ky. 2005) (citation omitted), *overruled on other grounds by Interactive Media Entm't & Gaming Ass'n., Inc. v. Wingate*, 320 S.W.3d 692 (Ky. 2010). Consequently, if any avenue for a remedy exists, a writ of the second class is inappropriate. 158 S.W.3d at 754; *see also Cox*, 266 S.W.3d at 797 (affirming the rule that petitioners must always show they lack an adequate remedy).

Petitioners fail to prove they lack an adequate remedy because, as the Court of Appeals correctly analyzed, each assignment of error they raise now may also be raised through direct appeal under CR 73.02, following the circuit court's entry of a final judgment. Indeed, all the harm Petitioners allege has either not occurred yet, because the trial has not been held; or involves questions of law, for which the traditional appeals process is well suited. Neither circumstance is extraordinary in the slightest.

## IV. Conclusion

For the reasons stated above, we affirm the Court of Appeals' denial of a writ of prohibition and/or mandamus.

All sitting. Minton, C.J.; Conley, Hughes, Lambert, Nickell, and VanMeter, JJ., concur. Keller, J., concurs in result only.

COUNSEL FOR APPELLANTS:

Paige Anne McKee

COUNSEL FOR APPELLEE:

Honorable James R. Schrand

COUNSEL FOR MARKUS RESING,
REAL PARTY IN INTEREST:

Douglas Scott Williams
Arnzen Storm & Turner PSC