BOARD OF TRUSTEES OF POLICEMEN'S & FIREMEN'S RETIREMENT FUND OF the CITY OF LEXINGTON, etc., et al., Appellants,

v.

Aubrey NUCKOLLS, Appellee.

Court of Appeals of Kentucky.

March 15, 1974.

George F. Rabe, Leslie E. Renkey, Lexington, for appellants.

H. Wayne Riddle, Miller, Griffin & Marks, Lexington; for appellee.

CATINNA, Commissioner.

The Board of Trustees of Policemen's & Firemen's Retirement Fund of the City of Lexington, Kentucky, and the individuals constituting its membership appeal from a judgment of the Fayette Circuit Court denying the Board relief under a CR 60.02 proceeding from a judgment of April 30, 1970, awarding Aubrey Nuckolls certain pension privileges.

The Board, in seeking relief from the judgment of April 30, 1970, stated in its CR 60.02 motion that it had been obtained by "fraud affecting the proceedings, * * *," CR 60.02(4); the judgment was void, CR 60.02(5); and the judgment was obtained under circumstances amounting to a reason of an extraordinary nature justifying relief, CR 60.02(6).

Each of the grounds as set out in the motion involved so-called acts of fraud and deceit which prevented the Board's defense of a CR 60.02 motion filed in the same proceeding by Nuckolls.

Nuckolls was a fireman for the City of Lexington. While he was so employed, it was determined that he had arteriosclerotic heart disease and was totally disabled. Nuckolls filed an application for retirement on the basis of total permanent occupational disability which was denied because the disability was not work connected.

On November 19, 1968, Evelyn Clancy, Secretary of the Policemen's & Firemen's Retirement Fund of the City of Lexington, informed Mr. Richard S. Smith, corporation counsel, by letter, of the Board's action and the fact that a rehearing on the application was set for January 9, 1969. The letter concluded: "The Board respectfully requests that you represent the Retirement Fund at this hearing. We are submitting herewith copies of all papers in Mr. Nuckolls' file."

Richard S. Smith was an active participant in the proceedings of January 9, 1969, being identified in the record as attorney for the Board. He appeared on behalf of the Board at the taking of depositions on March 24, 1969, and the order submitting the application on rehearing was endorsed by Richard S. Smith as attorney for the City of Lexington.

The Board again denied Nuckolls' application, and he then filed an action in the Fayette Circuit Court. Darrell B. Hancock represented the Board in this court proceeding wherein a judgment was entered on January 12, 1970, affirming the Board's action.

On January 29, 1970, a newly elected Board of Commissioners of the City of Lexington enacted an ordinance making the provisions of KRS 79.080 a part of the retirement and disability plan of the city. This section provided for the adoption of pension plans generally but contained a clause requiring the plans to provide that in the case of a police officer or fireman who had completed at least five years with the department and thereafter became unable to perform his duties by reason of heart disease, it would be presumed that the disease and resulting disability were work connected. The retirement and disability plan of the city had been adopted pursuant to provisions of Chapter 95 of the Kentucky Revised Statutes. It contained no presumption whereby heart disease might be treated as an occupational disability and Nuckolls was, therefore, ineligible for disability retirement.

After the adoption of the ordinance, Nuckolls filed a CR 60.02 motion seeking relief from the final judgment that had been entered prior to its passage, claiming that the terms of the ordinance would require a different finding and, therefore, he should be permitted to amend his original complaint and plead the new ordinance.

Notice of Nuckolls' 60.02 motion was served upon Richard S. Smith, corporation counsel for the City of Lexington. On March 10, 1970, an order was entered sustaining the motion, the prior judgment was set aside, and Nuckolls was permitted to amend his petition. This fixed the dates for filing the amendment, the response, and the briefs of the respective parties. The order bore the notation: "At the hearing no one appeared for the respondents." However, waiver of notice of entry was

signed by Richard S. Smith as "Attorney for respondents."

Nuckolls' amended petition was filed on March 10, 1970, and the certificate of service states that a copy was delivered to Evelyn Clancy, "Secretary for said respondents," and a copy to Richard Smith, "Corporation Counsel the City of Lexington."

On April 30, 1970, a new judgment was entered finding that Nuckolls' application for retirement benefits on the basis of total and permanent occupational disability should have been sustained and an award made. Waiver of notice of entry of this judgment was signed by Richard S. Smith, "Attorney for respondents."

After the horse had escaped, the Board decided to lock the stable and directed that an appeal be taken from the judgment of April 30, 1970. The notice of appeal and all preliminaries incident to perfecting the appeal were signed by Richard S. Smith as corporation counsel.

Upon the appeal the Board argued that Nuckolls was not entitled to relief upon his 60.02 motion and that the ordinance adopted by the City of Lexington was void because of its retroactive aspect. This court, in affirming the judgment of the Fayette Circuit Court, found that these particular questions had not been properly preserved for review. Board of Trustees v. Nuckolls, Ky., 481 S.W.2d 36 (1972).

The mandate was issued on June 20, 1972, and recorded in the Fayette Circuit Court on June 29, 1972. Nuckolls immediately moved the court to reduce the judgment to a sum certain for payment and also for interest on the judgment from date of entry. The Board then filed a 60.02 motion seeking relief from the judgment of April 30, 1970, and upon its being overruled, prosecuted this appeal.

We have examined the records of this appeal, the record of the prior appeal, and of all prior hearings held before the

Board and the Fayette Circuit Court in regard to Nuckolls' pension claim. It would seem to us from an examination of the Board's briefs and its original motion that the claim for relief is predicated upon a finding that neither the Board nor its counsel had any notice of Nuckolls' 60.02 motion filed in the Fayette Circuit Court, of any proceedings thereunder, or of the judgment entered on April 30, 1970, and was thereby deprived of the opportunity to interpose valid defenses.

It is claimed that Richard S. Smith was not an attorney of record and, consequently, Nuckolls, in causing his motions, etc., to be served on Smith, was engaging in a fraudulent activity in an effort to obtain the relief sought. It was further claimed that as Smith was not proper counsel for service the Board was deprived of its right to contest the judgment, that the judgment was void, and all these circumstances resulted in such an extraordinary situation that relief should be granted. We cannot agree with the Board upon these points. First of all, the Board retained Richard S. Smith to represent it at the hearing conducted upon Nuckolls' application, and although outside counsel may have been retained when Nuckolls filed his action in the Fayette Circuit Court, this did not erase Smith's name from the roster of those who represented the Board in the matter. Regardless of these facts, the Board was not deprived of an opportunity to take necessary steps to protect its interests. The amended complaint filed by Nuckolls was personally served upon Evelyn Clancy, "secretary for said respondents." Even though the Board may contend that Smith failed to notify it of the new proceedings, it had knowledge of the contents of the amended complaint and, therefore, all facts necessary to protect its interests. It failed to do so.

■ All of the incidents or facts which the Board now claim to be grounds for relief under its 60.02 motion had occurred prior to the time of the entry of the judgment of April 30, 1970, and the first appeal and were known to the Board at that time. We do not feel that a 60.02 proceeding should be a vehicle by which a party might relitigate matters that should have been considered upon a prior appeal.

■■ In those instances where grounds relied upon for relief under a 60.02 motion are such that they were known or could have been ascertained by the exercise of due diligence prior to the entry of the questioned judgment, then relief cannot be granted from the judgment under a 60.02 proceeding. Relief afforded by a 60.02 proceeding is extraordinary in nature and should be related to those instances where the matters do not appear on the face of the record, were not available by appeal or otherwise, and were discovered after rendition of the judgment without fault of the party seeking relief.

In Harris v. Commonwealth, Ky., 296 S.W.2d 700 (1956), Harris filed a 60.02 motion seeking to have set aside a judgment of conviction for pandering, one of the grounds being that a member of the jury was employed by or associated with the Commonwealth's attorney. In denying relief we said:

"With respect to the first ground, there was no allegation or proof on the part of appellant that he had used any diligence to discover the alleged business relationship between the Commonwealth's Attorney and the juror. Such allegation was necessary. * * * It seems reasonable that the facts concerning the alleged relationship of the juror could have been discovered at the time of the trial by the exercise of due diligence. * * *."

Where a condition as outlined above exists, as is true in the case now before us, relief will not be granted under a CR 60.02 proceeding.

■ The trial court is empowered to relieve a party from a final judgment under CR 60.02. However, such relief addresses itself to the sound discretion of the court.

One factor which must be considered by the trial court in the exercise of its discretion is whether the movant had a fair opportunity to present his claim at the trial on the merits. The Board was afforded a more than fair opportunity to resist Nuckolls' 60.02 motion and to defend the matters as set out in the amended complaint. This being true, the trial court did not abuse its discretion in overruling the Board's motion. Cf. Fortney v. Mahan, Ky., 302 S.W.2d 842 (1957).

The judgment is affirmed.

All concur.