**David Wayne DUNCAN, Appellant,**

v.

**COMMONWEALTH of Kentucky,
Appellee.**

Court of Appeals of Kentucky.

Nov. 14, 1980.

Rehearing Denied March 13, 1981.

Discretionary Review Denied
May 19, 1981.

Jack Emory Farley, Public Advocate, Randall L. Wheeler, Asst. Public Advocate, Frankfort, for appellant.

Steven L. Beshear, Atty. Gen., K. Gail Leeco, Asst. Atty. Gen., Frankfort, for appellee.

Before BREETZ, COOPER, and WHITE, JJ.

COOPER, Judge.

This is an appeal from an order of the trial court overruling the appellant's motion, under KRS 532.120(3), (4), to require it to credit the appellant with all time spent in custody prior to the entry of a final judgment. Procedurally, we believe that this appeal falls within the provisions of CR 60.02 rather than RCr 11.42. As such, we affirm the trial court in that the appellant failed to file his motion with that court within one (1) year after the final judgment was entered.

The appellant, David Wayne Duncan, was indicted in February of 1975, on two counts of burglary in the third degree. Subsequently thereafter, he remained in the custody of the Logan County Jail, the Eastern Kentucky State Mental Institution in Lexington, Kentucky, and the Off-Broadway house in Lexington. The total period of confinement involved was approximately 560 days, beginning with the appellant's initial indictment up to the time he entered a plea of guilty on March 3, 1978. At sentencing, the trial court credited the appellant with 134 days spent in custody prior to the commencement of his sentence. KRS 532.120(3), (4). From the record, it is unclear whether the appellant was apprised of the trial court's decision on March 3, or sometime substantially thereafter.

On September 29, 1979, the appellant, pursuant to KRS 532.120(3), (4), requested the trial court to amend its judgment to reflect credit for all time spent in custody prior to the entry of the final judgment. This the trial court overruled and we agree.

Although not apparent on its face, it is evident that the appellant's motion was made pursuant to CR 60.02 rather than RCr 11.42. The standards for post-conviction relief under RCr 11.42 are set forth in *Bronston v. Commonwealth*, Ky., 481 S.W.2d 666 (1972). There, the Court stated the following:

This court, in considering RCr 11.42 motions, will not retry issues that have been before it on a direct appeal. Nor will it permit a convicted defendant to employ the RCr 11.42 proceeding as a means of trying or retrying issues which could and should have been raised in the original proceedings when the competency, adequacy, and effectiveness of his own counsel are not in good faith questioned, and where the grounds of his motion are matters which must have been known to him at the time of trial. *See Hoskins v. Commonwealth*, Ky., 420 S.W.2d 560 (1967); and *Thacker v. Commonwealth*, Ky., 476 S.W.2d 838 (1972). *Id.* at p. 667.

Clearly, in requesting this Court to order the trial court to amend its original judgment, the appellant is making a motion to be relieved from the trial court's final judgment on the basis of mistake. He is not challenging the sentence per se, but the extent of time he should be credited in serving such a sentence. Consequently, he is bound by the provisions of CR 60.02. One such provision is that a party seeking to be relieved from a judgment of a trial court on the basis of a mistake must make a motion to that effect within one (1) year after the date of the final judgment. Although the record reflects the fact that the appellant wrote to the trial court in September of 1978, such a letter is not a part of the record. Consequently, it cannot be considered as a motion pro se pursuant to KRS 532.120(3), (4).

Here, the appellant waited a year and a half from the time of the entry of the trial court's judgment to request such relief. Given this fact, we believe that he is estopped from raising the issue before this Court. Furthermore, we do not believe that his request sets forth a reason of extraordinary nature justifying the relief requested. *See Board of Trustees of P. & F. Retire. F. v. Nuckolls*, Ky., 507 S.W.2d 183 (1974).

The judgment is affirmed.

BREETZ, J., concurs.

WHITE, J., dissents.