Theresa M. LEVERIDGE, Appellant,

v.

Philip W. LEVERIDGE, Appellee.

No. 98–SC–032–DG.

Supreme Court of Kentucky.

March 25, 1999.

As Corrected on Denial of Rehearing
Aug. 26, 1999.

Diana L. Beard, Lexington, for Appellant.

Sharon K. Morris, James Michael Morris, Lexington, for Appellee.

STEPHENS, Justice.

This matter involves a spousal maintenance award by the trial court to the former wife, appellant Theresa Leveridge. The former husband, appellee Phillip Leveridge, sought unsuccessfully to have this award reduced or vacated by a motion to alter, amend or vacate. He then appealed the trial court's decision. The Court of Appeals vacated the award, judging it to be excessive. We hold that the Court of Appeals improperly substituted its judgment for that of the trial court and that the trial court did not abuse its discretion in awarding maintenance. We, therefore, reverse the decision of the Court of Appeals and reinstate the maintenance award in the trial court's final decree.

Theresa Leveridge and Phillip Leveridge were married for eighteen and one-half years and divorced in 1995. When Theresa and Phillip were first married, Theresa worked as a dental assistant while Phillip completed his bachelor's degree and graduate courses. Phillip then began working at IBM/LexMark and has been employed there for over twenty years. His salary in 1994 was approximately $66,000 per year plus benefits.

Following the birth of the couple's first child, Theresa became a full-time homemaker until the couple separated in 1994. After the separation, Theresa returned to work as a part-time dental assistant. She lost her job, however, because her skills were deficient after so long an absence from the profession. She decided to return to school, pursuing a dental hygienist program, so that she could upgrade her skills and earn more money than she could as a dental assistant. When she completes her education, she will be able to earn approximately $27,000 to $29,000 per year.

Phillip and Theresa stipulated that each had made an equal contribution to the acquisition of marital property and agreed upon an equal allocation of marital assets.

The trial court awarded Theresa maintenance for 12 years at the rate of $750 per month for the first five years and $500 per month for the next seven years. In addition, the court ordered child support of $750 per month and ordered Phillip to pay $2,500 in attorney's fees to Theresa's attorneys.

Phillip sought to reduce or vacate the maintenance award, but, as noted, the trial declined to do so. He then appealed the trial court's decision. In vacating the award, the Court of Appeals declared that maintenance "for a twelve-year period, following a seventeen-year marriage, where the spouse is able to be retrained and earn substantial income, was clearly excessive." Theresa subsequently petitioned for discretionary review, which we granted.

■ We hold that the Court of Appeals improperly substituted its judgment for that of the trial court in vacating the maintenance award. The decision to grant or deny a maintenance award lies within a trial court's sound discretion as it applies the governing factors of KRS 403.200 to the parties' circumstances upon dissolution of marriage. KRS 403.200(2). Maintenance may be awarded if spouses seeking it cannot otherwise provide for their reasonable needs. KRS 403.200(1)(a). Factors a trial court may consider in making this determination include the spouse's financial resources, the time necessary to acquire education or training to enable the spouse to find appropriate employment, the standard of living established during the marriage and the duration of the marriage. KRS 403.200(2)(a–f).

After considering Theresa and Phillip's circumstances in light of the factors set forth in KRS 403.200, the trial court determined that Phillip should pay Theresa maintenance for twelve years given the length of the parties' marriage, Theresa's lack of employment history and need for education and training to be able to support herself. Further, the trial court's findings of fact noted the income disparity between Phillip and Theresa. We would also observe that even when Theresa is able to secure full-time employment upon completion of her education, it is very doubtful her income will approach that of Phillip's.

■ Accordingly, the trial court did not abuse its discretion in ordering a reasonable maintenance award for Theresa based upon the evidence it heard. *Perrine v. Christine*, Ky., 833 S.W.2d 825, 826 (1992). "As an appellate court, neither the Court of Appeals nor this Court is authorized to substitute its own judgment for that of the trial court on the weight of the evidence, where the trial court's decision is supported by substantial evidence." *Combs v. Combs*, Ky., 787 S.W.2d 260, 262 (1990). The evidence cited by the trial court in its findings of fact and conclusions of law supports its maintenance award. Therefore, we reverse the Kentucky Court of Appeals and reinstate the trial court's final decree awarding maintenance.

All concur.