**Phillip SITAR, Appellant**

v.

**COMMONWEALTH of Kentucky and Loretta Glover, Appellees.**

No. 2012–SC–000737–DGE.

Supreme Court of Kentucky.

Aug. 29, 2013.

---

Kathleen Kallaher Schmidt, Assistant Public Advocate, for appellant.

Jack Conway, Attorney General of Kentucky, Mary Elizabeth Rohrer, Special Assistant Attorney General, for appellee.

Opinion of the Court by Justice KELLER.

The trial court entered emergency protection and domestic violence orders (EPO and DVO respectively) restraining Phillip Sitar (Sitar) from having any contact with Loretta Glover (Glover) and her daughter. Following entry of those orders, Sitar filed a Kentucky Rule of Civil Procedure (CR) 60.02 motion to set aside the DVO and EPO. The trial court denied his motion, and he appealed to the Court of Appeals. The Court of Appeals affirmed, and Sitar sought discretionary review, which we granted. After reviewing the record and hearing the parties at oral argument, we affirm but do so because Sitar failed to timely file an appeal. Because of this procedural deficit, we do not address the merits of the issues raised by Sitar on appeal.

## I. FACTS.

In September 2011, Glover filed a Domestic Violence Petition/Motion on AOC Form 275.1 alleging that Sitar had sexually abused her daughter. In her petition/motion, Glover checked the box marked "former spouse;" however, she wrote "x-boyfriend" above and below that box. Based on the information in the form, the court issued an EPO and scheduled a hearing regarding the issuance of a DVO.

On the first hearing date, Glover stated that the allegations in the form were based on what her seventeen-year-old daughter had told her. Sitar denied the allegations, and the judge stated that he could not issue a DVO based solely on hearsay. Therefore, he scheduled a second hearing so Glover's daughter could testify.

At the second hearing, Glover and her daughter testified that Sitar had lived with them for approximately six years, last living with them in 2008. The daughter testified that Sitar had engaged in sexual intercourse with her a number of times during the last four years the three of them lived together. However, she stated that she had not had any contact with Sitar since he moved in 2008. When asked why she had not told Glover about the abuse earlier, the daughter stated that she was afraid Glover would be upset. The daughter stated that she broke her silence when she did because she had come to the conclusion that Glover "needed to know."

Sitar testified that he and Glover had a less than ideal relationship in the past, but he denied the daughter's allegations of abuse. According to Sitar, the daughter fabricated the allegations because he had recently proposed marriage to Glover and the daughter did not approve of the couple's relationship.

The judge noted that he had two conflicting stories with no corroborating evidence to support either one. However, he also noted that Sitar had a lengthy criminal record involving numerous assault and domestic violence charges. Furthermore, the judge noted that there was a criminal investigation regarding the daughter's allegations. He determined that it would be in everyone's best interest for Sitar to stay away from Glover and her daughter, and he issued a DVO to that effect. Sitar did not appeal from this order.

More than sixty days after entry of the DVO, Sitar filed a CR 60.02(e) motion asking the court to "declare [the] order void" because the court lacked the jurisdiction to issue it. In his motion, Sitar argued that the court lacked jurisdiction for two reasons: (1) the petition/motion for the EPO did not provide sufficient information to determine whether Glover and

her daughter were persons governed by the domestic violence statutes (the Act); and (2) even if the EPO petition/motion was not deficient, Glover and her daughter were not persons governed by the Act. The Commonwealth intervened and argued that: Glover and her daughter did fall within the definition of those governed by the Act; the petition/motion was not too vague; any deficiency in the petition/motion was remedied by testimony during the DVO hearings; and appeal, not a CR 60.02 motion, was the proper avenue for relief.

The court denied Sitar's motion, finding that: the information in the petition/motion was sufficient to support the EPO; Glover and her daughter fell within the definition of persons governed by the Act; and there was sufficient evidence to support the EPO and DVO.

Sitar appealed, and the Court of Appeals affirmed. In doing so, the Court agreed that Glover and her daughter were persons governed by the Act. The Court of Appeals further concluded that, based on "the serious nature of the allegations, namely sexual abuse of a minor, the fact that the abuse was alleged to have occurred more than once, and [Sitar's] past history of violent offenses and violations of DVOs," there was sufficient evidence to support the issuance of the DVO. The Court of Appeals did not address whether it was proper for Sitar to seek relief pursuant to CR 60.02(e).

## II. ANALYSIS.

On appeal to this Court, Sitar continues to argue that Glover and her daughter are not persons governed by the Act and that there was not sufficient evidence to support the EPO or DVO. However, we need not address those substantive issues because Sitar should have appealed from the court's DVO rather than seeking relief under CR 60.02(e).

CR 60.02(e) provides, in pertinent part, that a court may relieve a party from an order or judgment if "the judgment is void." As noted above, Sitar argues that the court lacked the jurisdiction to issue either the EPO or DVO because Glover and her daughter were not persons governed by the Act. He also argues that the petition/motion was so deficient as to deprive the court of jurisdiction and that there was no sufficient evidence of imminent harm to support the issuance of either order. However, Sitar has confused "a court's erroneous action within its jurisdiction with a court acting outside its subject matter jurisdiction." *Daugherty v. Telek*, 366 S.W.3d 463, 466 (Ky.2012).

In *Daugherty*, the family court issued an EPO restraining Telek from contacting Daugherty. At the request of a guardian *ad litem*, the court delayed the DVO hearing beyond the statutorily mandated fourteen-day period. In the interim, the court continued the EPO. Telek moved for dismissal of the EPO arguing that the court lost jurisdiction when it did not timely hold the DVO hearing. The court denied Telek's motion, went forward with the hearing, and issued a DVO.

On appeal, Telek argued that the court lost jurisdiction when it did not hold the DVO hearing within fourteen days of entry of the EPO. The Court of Appeals agreed with Telek and reversed.

 We reversed the Court of Appeals, noting that it, like Sitar, confused a court's erroneous action within its jurisdiction with a court acting outside its jurisdiction. In doing so, we held that: "[S]ubject matter jurisdiction does not mean 'this case' but *'this kind of case'*.... [A] court is deprived of subject matter jurisdiction only where that court has not been given, by constitutional provision or statute, the

power to do anything at all." *Id.* at 466–67 (emphasis in original) (internal citations and footnotes omitted). If the case is the *kind of case* a court is authorized to hear, the court has jurisdiction. "A court, once vested with subject matter jurisdiction over a case, does not suddenly lose subject matter jurisdiction by misconstruing or erroneously overlooking a statute or rule governing the litigation." *Id.* at 467.

 Family courts are vested with jurisdiction to decide matters involving domestic violence. *Id.* This matter involves domestic violence; therefore, the family court had the jurisdiction to decide it. Although Sitar couches his argument in terms of jurisdiction, like Telek, his argument is not that the family court lacked the power to decide the type of case presented, but that the court's decision in this case was erroneous.

 A judgment issued by a court acting outside its jurisdiction may be void and subject to collateral attack under CR 60.02. However, an erroneous judgment issued by a court acting within its jurisdiction is not subject to collateral attack. *See Hisle v. Lexington–Fayette Urban County Government,* 258 S.W.3d 422, 431 (Ky.App. 2008). To preserve this issue for review, Sitar should have filed an appeal from the family court's DVO within thirty days of that order. CR 73.02. He did not do so; therefore, the substantive issues he raised with regard to application of the domestic violence statutes are not properly before us. Furthermore, those issues were not properly before the Court of Appeals. Therefore, we affirm the Court of Appeals' affirmation of the family court's DVO, but we do so based solely on procedural not substantive grounds.

### III. CONCLUSION.

Sitar's appeal from the family court's DVO was not timely filed; therefore, we affirm the Court of Appeals for that reason.

MINTON, C.J.; ABRAMSON, CUNNINGHAM, NOBLE, and VENTERS, JJ., concur, except SCOTT, J., concurs in result only.