RENDERED:  SEPTEMBER 25, 2020; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1858-MR

UMAR GABRI EL GARCI YAH A/K/A
OSCAR UMAR GONZALEZ                                        APPELLANT


                        APPEAL FROM DAVIESS CIRCUIT COURT
v.                      HONORABLE JOSEPH W. CASTLEN, III, JUDGE
                        ACTION NO. 11-CR-00289


COMMONWEALTH OF KENTUCKY                                   APPELLEE


                              OPINION
                             AFFIRMING

                         ** ** ** ** **

BEFORE:  CLAYTON, CHIEF JUDGE; DIXON AND JONES, JUDGES.

CLAYTON, CHIEF JUDGE:  Umar Gabri El Garci Yah a/k/a Oscar Umar

Gonzalez ("Appellant") appeals the Daviess Circuit Court's order denying his

motion for post-conviction relief pursuant to Kentucky Rule of Civil Procedure

("CR") 60.02.  After careful review, we affirm the Daviess Circuit Court.

## BACKGROUND

On January 27, 2012, Appellant was convicted after a jury trial of five counts of sexual abuse, first degree (victim under 12 years of age), seven counts of sodomy, first degree (victim under 12 years of age), and three counts of incest. The victims were Appellant's step-daughter and two biological daughters. The jury recommended the maximum penalty of 320 years' imprisonment. At Appellant's final sentencing on April 11, 2012, however, the trial court reduced the sentence to the statutory minimum of 70 years to serve.

Appellant appealed his conviction to the Kentucky Supreme Court, which affirmed the trial court in a not-to-be-published opinion. Appellant then filed a *pro se* Kentucky Rule of Criminal Procedure ("RCr") 11.42 motion with the trial court, which was denied on May 2, 2014. Appellant appealed the order denying his RCr 11.42 motion, and a panel of this Court affirmed the trial court in an unpublished opinion.

Thereafter, on January 10, 2019, Appellant filed with the Daviess Circuit Clerk—among other motions—a "Petition for Leave to Enter Petition to Set-Aside Judgment and Amend Sentence Pursuant to CR. 60.02(d) Fraud" (the "Petition") and a "Judicial Notice" pursuant to Kentucky Rule of Evidence ("KRE") 201 (the "Judicial Notice"). In the Judicial Notice, Appellant argued that he was fraudulently "induced" to "consent" to the trial court's order appointing an

attorney from the Department of Public Advocacy ("DPA") to assist Appellant in his defense. Appellant further contended that the DPA concealed that his assigned counsel was overwhelmed by an excessive caseload and in turn breached a fiduciary duty towards Appellant, resulting in "constructive fraud." Further, in the Petition, Appellant provided in the Notice section that the "motion" was set to be heard at the trial court's January 21, 2019 motion hour.

The trial court treated both the Petition and the Judicial Notice as a request for relief under CR 60.02 and denied such relief in an order entered on February 19, 2019, specifically finding that the trial court could find no fraud of the type contemplated by CR 60.02(d) (the "February 19 Order").

On March 5, 2019, Appellant filed a "Motion to Strike" the February 19 Order pursuant to CR 12.06 and RCr 12.04, arguing that he had never actually filed a CR 60.02 motion, but rather that his filings with the Daviess Circuit Clerk were preliminary drafts and that Appellant had been awaiting a response as to how to proceed. The trial court denied Appellant's Motion to Strike on March 19, 2019. In its order, the trial court noted that, while Appellant may not have intended that a request for relief pursuant to CR 60.02 be filed until future instructions from Appellant, the filings were nevertheless entered by the Daviess Circuit Clerk and Appellant had noticed such filings for a hearing during motion hour. Therefore, the trial court found that such filings had been adequately

presented to the trial court for its review and adjudication. Moreover, the trial court noted that Appellant had claimed relief under CR 12.06, which applied to the striking of pleadings and not to court orders. Ultimately, the trial court reasoned that if Appellant disagreed with the February 19 Order, the proper course of action was to directly appeal the February 19 Order.

Thereafter, on April 3, 2019, Appellant filed both a "Motion for Enlargement of Time" pursuant to CR 6.02 requesting additional time beyond what was provided in CR 59.05 for a motion to alter, amend, or vacate and a "Motion for Reconsideration" to set aside the February 19 Order. The trial court denied both motions on April 10, 2019. Appellant filed a notice of appeal on May 1, 2019, of the April 10, 2019 order (the "First Appeal").

While the First Appeal was pending before the Court of Appeals, Appellant continued filing motions with the trial court. On June 10, 2019, Appellant filed a motion pursuant to CR 60.02(e) to set aside the February 19 Order. The trial court denied the motion on June 13, 2019, with the trial court noting that it had been divested of jurisdiction to rule on any issues while the First Appeal was pending.

Thereafter, on June 26, 2019, Appellant filed with the Court of Appeals a motion to dismiss the First Appeal. A panel of this Court ultimately

granted Appellant's motion to dismiss the First Appeal on August 19, 2019, and such decision was final on October 7, 2019.

Thereafter, the trial court issued an order on November 7, 2019, detailing and denying all of Appellant's remaining motions. In its order, the trial court noted that Appellant's remaining filings continued to attack the February 19 Order, were filed with the trial court during the pendency of the First Appeal, and had "no foundation in law." Particularly, the trial court observed that Appellant had an opportunity to timely present his grievances with the February 19 Order in the First Appeal but voluntarily chose to dismiss such appeal. Appellant filed the current appeal from the trial court's November 7, 2019 order.

## ANALYSIS

As a preliminary matter, the Commonwealth argues that Appellant's appellate brief deviates significantly from the format mandated by CR 76.12 and should therefore be stricken and the appeal dismissed. Our options when an appellate advocate fails to abide by CR 76.12 are: "(1) to ignore the deficiency and proceed with the review; (2) to strike the brief or its offending portions; or (3) to review the issues raised in the brief for manifest injustice only[.] *Hallis v. Hallis*, 328 S.W.3d 694, 696 (Ky. App. 2010) (citations omitted). In this case, we choose to proceed with a review of Appellant's brief.

Turning to the language of CR 60.02, as stated in the rule, "a court may, upon such terms as are just, relieve a party or his legal representative from its final judgment, order, or proceeding[.]" Relief under CR 60.02 is "an extraordinary and residual remedy" designed "to correct or vacate a judgment upon facts or grounds . . . not available by appeal or otherwise, which were discovered after the rendition of the judgment without fault of the party seeking relief." *Harris v. Commonwealth*, 296 S.W.2d 700, 701 (Ky. 1956). Therefore, if the party pursuing relief under CR 60.02 could have followed the appropriate channels for a direct appeal but neglected to do so, relief from judgment under CR 60.02 is not available. *Id*.; *see also Board of Trustees of Policemen's and Firemen's Retirement Fund of City of Lexington v. Nuckolls*, 507 S.W.2d 183, 186 (Ky. 1974).

An appellate court reviews a trial court's denial of a CR 60.02 motion for an abuse of discretion. *Diaz v. Commonwealth*, 479 S.W.3d 90, 92 (Ky. App. 2015). The test for an abuse of discretion is whether the trial court's decision was "arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999) (citations omitted).

On appeal, Appellant argues that the February 19 Order was a "void judgment" because he had never intended to file a CR 60.02 motion at that time and that his rights under the U.S. and Kentucky Constitutions were thereby

violated when the February 19 Order was allowed to stand. Even if the trial court erred by entering the February 19 Order, however, "an erroneous judgment issued by a court acting within its jurisdiction is not subject to collateral attack." *Sitar v. Commonwealth*, 407 S.W.3d 538, 542 (Ky. 2013) (citation omitted). As discussed in *Sitar*:

> [S]ubject matter jurisdiction does not mean 'this case' but '*this kind of case* '. . . . [A] court is deprived of subject matter jurisdiction only where that court has not been given, by constitutional provision or statute, the power to do anything at all. If the case is the *kind of case* a court is authorized to hear, the court has jurisdiction. A court, once vested with subject matter jurisdiction over a case, does not suddenly lose subject matter jurisdiction by misconstruing or erroneously overlooking a statute or rule governing the litigation.

*Id*. at 541-42 (Ky. 2013) (internal quotation marks and citations omitted).

In the case *sub judice*, the trial court had subject matter jurisdiction, and, as a result, any error in the order was not subject to collateral attack. Rather, as in *Sitar*, if Appellant was dissatisfied with the February 19 Order, the appropriate course of action was through a direct appeal within thirty days of such order. *Id*. at 542. Moreover, as previously discussed, where the method required for obtaining relief was a direct appeal of the order, and where Appellant failed to exercise the option of appeal in a timely manner, he cannot now challenge such issues in a CR 60.02 motion. Appellant, as the party pursuing relief under CR 60.02, could have followed the appropriate channels for a direct appeal but

-7-

inexplicably moved for dismissal of the First Appeal. As a result, relief under CR 60.02 is not available. *Nuckolls*, 507 S.W.2d at 186. We find no abuse of discretion by the trial court and, therefore, affirm.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Umar Gabri El Garci Yah a/k/a Oscar
Umar Gonzalez, *pro se*
West Liberty, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Thomas A. Van De Rostyne
Assistant Attorney General
Frankfort, Kentucky