RENDERED: JUNE 21, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0083-ME

HOWARD W. COLLINS            APPELLANT

v.
         APPEAL FROM KENTON FAMILY COURT
HONORABLE THOMAS A RAUF, JUDGE
ACTION NO. 23-D-00551-001

CINDY GRIFFITH            APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CETRULO, GOODWINE, AND KAREM, JUDGES.

KAREM, JUDGE: Howard W. Collins appeals from a domestic violence order

("DVO") entered against him by the Kenton Family Court on behalf of Cindy

Griffith. Collins argues that the family court lacked jurisdiction to enter the DVO

or, in the alternative, that there was insufficient evidence to support its entry.

Upon careful review, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On November 20, 2023, Cindy Griffith filed an AOC Form 275 "Petition/Motion for Order of Protection" ("EPO"). The form was purportedly signed by Griffith but not verified. Griffith simultaneously filed a document styled "Voluntary Statement" which is similarly signed but not verified. The statement was written by Griffith in the presence of Sergeant Metzer of the Elsmere Police Department on November 20, 2023. It states that Griffith has four children with Collins, and she is forced to have sex with him in order to continue seeing her children. It further alleges that on the last occasion when he brought the children to see her, he forced her to have anal sex against her will.

The Kenton County Family Court reviewed and signed the petition with the direction: "Summons Issued – Reason: No imminent threat." A summons was issued to Collins by the Kenton County Circuit Court Clerk, setting the matter for a hearing on November 29, 2023. Griffith and Collins both appeared before the family court on that date and the matter was set for a hearing on December 20, 2023, and a re-summons was issued and entered.

The hearing was conducted as scheduled on December 20, 2023. Griffith and Collins were the only witnesses. Collins is the father of Griffith's four children. He received custody of the children in July 2021. Under the custody order, Griffith was permitted to see the children for eight hours every two weeks.

According to Griffith, if she wanted to see the children more often, she must have sex with Collins and if she "make[s] him mad" he will not let her see them. This situation had been ongoing since July 2021. Griffith testified she decided to file the petition because at Thanksgiving, although she agreed to have sex with Collins in order to see her children longer, he initiated nonconsensual anal sex. When she told him to stop because it hurt, he did it anyway. Griffith acknowledged that her relationship with Collins had been based mainly on sexual activity. She testified that she has been admitted to a mental hospital twice and sees a nurse practitioner from whom she receives medication for her mental problems. She acknowledged she was not awarded custody of the children because of her significant mental health issues.

Collins testified that he continued his relationship with Griffith and continued to have sex with her, even though he knew she had mental health issues for which she had been hospitalized. He testified that he never had nonconsensual sex with her; that she preferred anal sex; and that he did not condition visitation with the children on sex.

The family court issued a DVO against Collins, based on its findings that Griffith's testimony was credible when she stated that she was having sex with Collins and told him to stop but he did not stop. The family court found that

Griffith has a history of mental illness, that Collins committed sexual assault, and that a sexual assault may occur again. This appeal by Collins followed.

## ANALYSIS

### I. Collins waived particular-case jurisdiction

Collins argues for the first time on appeal that the family court lacked jurisdiction to issue the DVO because Griffith's petition was not verified in accordance with Kentucky Revised Statutes ("KRS") 403.725.

"Jurisdiction is a question of law that we review de novo." *McGaha v. McGaha*, 664 S.W.3d 496, 500 (Ky. 2022), *reh'g denied* (Feb. 16, 2023) (citation omitted).

"Verification" is defined as "a formal declaration made in the presence of an authorized officer, such as a notary public, by which one swears to the truth of the statements in the document." *Kentucky Unemployment Insurance Commission v. Wilson*, 528 S.W.3d 336, 340 (Ky. 2017). Under KRS 403.725(3), a petition for an order of protection "shall be verified[.]" KRS 403.725(3). A petition filed on someone's behalf by an authorized third party must also be verified. KRS 403.725(4). AOC Form 275 contains a verification box, below the line for the petitioner's signature, which must be signed by the circuit court clerk or other individual authorized by the court to provide and verify emergency

petitions. This box was left unsigned on Griffith's petition. It is undisputed that neither Griffith's petition nor the accompanying statement was verified.

Subject matter jurisdiction is the court's authority to hear a particular type or category of case. *Davis v. Wingate*, 437 S.W.3d 720, 725 (Ky. 2014). A court acts outside its subject matter jurisdiction "where [it] has not been given, by constitutional provision or statute, the power to do anything at all." *Id.* (internal quotation marks and citation omitted). Collins does not dispute that the family court had general subject matter jurisdiction over this kind of case under KRS 23A.100, which vests family courts "with jurisdiction to decide matters involving domestic violence." *Sitar v. Commonwealth*, 407 S.W.3d 538, 542 (Ky. 2013). He contends that the failure to verify the signature divested the family court of jurisdiction over this particular case.

The distinction between subject matter jurisdiction and particular-case jurisdiction is of profound significance. "It is well-established that a judgment entered by a court without subject matter jurisdiction is void." *Hisle v. Lexington-Fayette Urban County Government*, 258 S.W.3d 422, 430 (Ky. App. 2008). "[S]ince subject matter jurisdiction concerns the very nature and origins of a court's power to do anything at all[,] it cannot be born of waiver, consent or estoppel[,] and may be raised at any time." *Id.* at 430-31 (internal quotation marks and citations omitted).

"On the other hand, lack of particular case jurisdiction merely renders a judgment *voidable*, rather than *void ab initio*." *Id*. at 431. "[W]here a court has general jurisdiction of the subject matter, a lack of jurisdiction of the particular case, as dependent upon the existence of particular facts, may be waived." *Id*. (internal quotation marks and citations omitted). The case cited by Collins for the proposition that jurisdiction may be raised at any time, cannot be waived, and may be raised for the first time on appeal, *Cabinet for Health and Family Services v. J.T.G.*, 301 S.W.3d 35 (Ky. App. 2009), refers to the general jurisdiction of the family court, not to jurisdiction over a particular case. "Questions of **general** jurisdiction 'may be raised by the parties or the court at any time and cannot be waived.'" *J.T.G.*, 301 S.W.3d at 39 (emphasis added).

Griffith also relies on *Kentucky Unemployment Insurance Commission v. Wilson*, 528 S.W.3d 336 (Ky. 2017), to argue that Griffith's failure to comply with the statutory verification requirement rendered the family court's jurisdiction *void ab initio*. But his reliance on *Wilson* is misplaced. In *Wilson*, the appellee, having exhausted his administrative remedies, filed a complaint in circuit court, seeking judicial review of an adverse decision by the Kentucky Unemployment Insurance Commission. KRS 341.450, which authorizes judicial review of a Commission decision, specifies that the complaint "shall be verified by the plaintiff or his attorney." KRS 341.450(1). Wilson's complaint was not

verified.  The Kentucky Supreme Court held that the circuit court correctly dismissed the complaint because it was not adequate to invoke the circuit court's jurisdiction.

But *Wilson* applies only in the specific context of statutorily-created appeals from administrative decisions.  This distinction was clarified by the Kentucky Supreme Court in *McGaha*, *supra*.  In *McGaha*, the Supreme Court reversed a Court of Appeals opinion which held, in reliance on *Wilson*, that a district court lacked jurisdiction to probate a will because the probate petition was unsigned and unverified.  *McGaha* explains:

> In *Wilson*, this Court held that strict compliance with a statutory requirement for verification for a petition for judicial review was required to invoke the circuit court's jurisdiction to review an administrative ruling.  But that legal conclusion in *Wilson* is grounded on the premise that "there is no appeal to the courts from an action of an administrative agency as a matter of right."  "When grace to appeal is granted by statute, a strict compliance with its terms is required."  So our holding in *Wilson* applies to review of administrative rulings in which there is no appeal in the courts as a matter of right.  As a result, *Wilson* provides no support for the Court of Appeals' conclusion that the district court lacked jurisdiction in a matter unrelated to review of administrative appeals.

*McGaha*, 664 S.W.3d at 501.

KRS 24A.120(2) grants the district court exclusive jurisdiction over non-adversarial probate matters and grants the circuit court exclusive jurisdiction over adversarial probate matters.  KRS 394.145 requires that a verified petition be

-7-

filed by a person offering a will for probate. "But lack of proper verification of the probate petition did not divest the district court of subject-matter jurisdiction to entertain the petition to probate the will. The district court had subject-matter jurisdiction to probate the will under KRS 24A.120(2)." *Id*. at 502.

Similarly, Griffith's failure to comply with the verification requirement under KRS 403.725(3) did not divest the family court of subject matter jurisdiction. The family court had subject matter jurisdiction under KRS 23A.100. While general subject matter jurisdiction can never be waived by the parties, particular-case jurisdiction can be waived if the error is not presented to the trial court. *Goodlett v. Brittain*, 544 S.W.3d 656, 660 (Ky. App. 2018) (citing *Commonwealth v. Steadman*, 411 S.W.3d 717, 724-25 (Ky. 2013)). Collins had ample opportunity to raise the issue before the family court. By not raising the issue, he "effectively consented to the trial court's exercise of jurisdiction over the particular case, and waived any right to raise the issue on appeal." *Id.* at 661.

**II. The evidence was sufficient to support the entry of the DVO**

As alternative grounds for reversal, Collins argues that the evidence was insufficient for the family court to conclude that he had engaged in acts of domestic violence against Griffith and that Griffith failed to present any evidence that Collins would engage in future acts of domestic violence against her if not restrained by the entry of a DVO.

Before issuing a domestic violence order, the trial court must first conduct a hearing and find by a preponderance of the evidence "that an act or acts of domestic violence and abuse have occurred and may again occur . . . ." KRS 403.750(1). The preponderance of the evidence standard is met when sufficient evidence establishes that the alleged victim "was more likely than not to have been a victim of domestic violence." *Commonwealth v. Anderson*, 934 S.W.2d 276, 278 (Ky. 1996). KRS 403.720(1) defines "[d]omestic violence and abuse" as "physical injury, serious physical injury, sexual abuse, assault, or the infliction of fear of imminent physical injury, serious physical injury, sexual abuse, or assault between family members or members of an unmarried couple[.]".

Kentucky Rules of Civil Procedure (CR) 52.01 provides that a trial court's findings of fact may be set aside if clearly erroneous. However, we are mindful that in reviewing the decision of a trial court the test is not whether we would have decided it differently, but whether the court's findings were clearly erroneous or that it abused its discretion. *Cherry v. Cherry*, 634 S.W.2d 423, 425 (Ky. 1982). Abuse of discretion occurs when a court's decision is unreasonable or unfair. *Kuprion v. Fitzgerald*, 888 S.W.2d 679, 684 (Ky. 1994). (citations omitted).

*Gomez v. Gomez*, 254 S.W.3d 838, 842 (Ky. App. 2008).

Collins argues that Griffith's testimony, which consisted largely of describing what occurred between the parties, was too brief and insufficient to support the family court's conclusion that he had engaged in acts of domestic violence. It is axiomatic that "due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses because judging the credibility

-9-

of witnesses and weighing evidence are tasks within the exclusive province of the trial court." *Moore v. Asente*, 110 S.W.3d 336, 354 (Ky. 2003) (internal quotation marks and footnotes omitted). It was entirely within the family court's purview to believe Griffith was a credible witness and give considerable weight to her testimony. As to the brevity of her testimony, Collins was afforded a full opportunity to cross-examine her and seek further testimony regarding her allegations. This was ultimately "a he-said-she-said case." *Woolfolk v. Commonwealth*, 339 S.W.3d 411, 420 (Ky. 2011), *as corrected* (Apr. 27, 2011). The family court chose to believe Griffith and its decision will not be disturbed on appeal.

As to the threat of future domestic violence or abuse, Griffith testified that Collins's practice of withholding the children in order to pressure her into having sex had been going on since he gained custody in July 2021. Collins himself testified he continued the sexual relationship with Griffith even though he was aware of her mental health issues. In light of this evidence, the family court did not err in concluding that there was a reasonable probability that Collins would continue this ongoing pattern of behavior unless he was constrained by a DVO. This Court is not "authorized to substitute its own judgment for that of the trial court on the weight of the evidence[.]" *Leveridge v. Leveridge*, 997 S.W.2d 1, 2 (Ky. 1999), *as corrected on denial of reh'g* (Aug. 26, 1999). The evidence in the

record was more than sufficient for the family court to find that Griffith was more likely than not the victim of domestic violence and abuse and that such domestic violence and abuse could happen again.

## **CONCLUSION**

For the foregoing reasons, the DVO entered by the Kenton Family Court against Collins is affirmed.

ALL CONCUR.

BRIEF FOR APPELLANT:

Justin D. Durstock
Ft. Mitchell, Kentucky

BRIEF FOR APPELLEES:

Robert G. DeFusco
Covington, Kentucky