RENDERED: NOVEMBER 22, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0386-MR

MICHAEL WELLS                                     APPELLANT

v.              APPEAL FROM JEFFERSON CIRCUIT COURT
HONORABLE JESSICA E. GREEN, JUDGE
ACTION NO. 92-CR-003203

COMMONWEALTH OF KENTUCKY             APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; ECKERLE AND A. JONES, JUDGES.

THOMPSON, CHIEF JUDGE: Michael Wells appeals from an order denying his Kentucky Rules of Civil Procedure (CR) 60.02 motion in which he sought to vacate his conviction. Finding no error, we affirm.

## FACTS AND PROCEDURAL HISTORY

In 1994, Appellant was sentenced to life in prison after being convicted of the murder of Charles Robinson. Appellant stabbed Mr. Robinson in Mr. Robinson's home while attempting to rob him. On June 26, 2023, Appellant

filed his third CR 60.02 motion seeking to vacate his conviction. The motion was denied by the trial court without a hearing. This appeal followed.

## ANALYSIS

CR 60.02 states:

> On motion a court may, upon such terms as are just, relieve a party or his legal representative from its final judgment, order, or proceeding upon the following grounds: (a) mistake, inadvertence, surprise or excusable neglect; (b) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59.02; (c) perjury or falsified evidence; (d) fraud affecting the proceedings, other than perjury or falsified evidence; (e) the judgment is void, or has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (f) any other reason of an extraordinary nature justifying relief. The motion shall be made within a reasonable time, and on grounds (a), (b), and (c) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this rule does not affect the finality of a judgment or suspend its operation.

"Our standard of review of a trial court's denial of a CR 60.02 motion is whether the trial court abused its discretion. The test for abuse of discretion is whether the trial court's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Age v. Age*, 340 S.W.3d 88, 94 (Ky. App. 2011) (internal quotation marks and citations omitted).

> In those instances where grounds . . . for relief under a 60.02 motion are such that they were known or

could have been ascertained by the exercise of due diligence prior to the entry of the questioned judgment, then relief cannot be granted from the judgment under a 60.02 proceeding. Relief afforded by a 60.02 proceeding is extraordinary in nature and should be related to those instances where the matters do not appear on the face of the record, were not available by appeal or otherwise, and were discovered after rendition of the judgment without fault of the party seeking relief.

*Bd. of Trustees of Policemen's & Firemen's Ret. Fund of City of Lexington v. Nuckolls*, 507 S.W.2d 183, 186 (Ky. 1974).

Here, the trial court denied Appellant's motion because over thirty years had elapsed since his conviction and the issues presented could have been raised earlier. We agree. Appellant's motion relied on CR 60.02(e) and (f). These subsections require that the motion be brought within a reasonable time. Appellant brought the current CR 60.02 motion almost thirty years after his conviction. We conclude that this motion was not brought within a reasonable time. In *Foley v. Commonwealth*, 425 S.W.3d 880, 884 (Ky. 2014), the Kentucky Supreme Court held that a CR 60.02 motion brought after twenty years was not brought within a reasonable time. Furthermore, this is Appellant's third CR 60.02 motion and "CR 60.02 does not permit successive post-judgment motions[.]" *Id.*

We will note that Appellant argues that he is factually innocent of the crime. The evidence against Appellant was strong and supports his conviction. First, Mr. Robinson gave Appellant's first name to the police prior to his death.

Second, Appellant's girlfriend identified the murder weapon as having come from her house. Third, Appellant's girlfriend took Appellant to Mr. Robinson's home where the stabbing occurred. Fourth, while in the custody of the police, and while referring to Mr. Robinson, Appellant stated, "I didn't mean to, I didn't mean nothin'."

## **CONCLUSION**

Based on the foregoing, we affirm the judgment of the trial court that Appellant's motion seeking to vacate his conviction was not timely.


ALL CONCUR.


BRIEFS FOR APPELLANT:

Michael Wells, *pro se*
La Grange, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Todd D. Ferguson
Assistant Attorney General
Frankfort, Kentucky