# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED." PURSUANT TO THE RULES OF CIVIL PROCEDURE PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C), THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE CITED OR USED AS BINDING PRECEDENT IN ANY OTHER CASE IN ANY COURT OF THIS STATE; HOWEVER, UNPUBLISHED KENTUCKY APPELLATE DECISIONS, RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE BEFORE THE COURT.  OPINIONS CITED FOR CONSIDERATION BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED DECISION IN THE FILED DOCUMENT AND A COPY OF THE ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE DOCUMENT TO THE COURT AND ALL PARTIES TO THE ACTION.

RENDERED: AUGUST 18, 2022
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

2022-SC-0026-MR

IJEOMA ODIGWE        APPELLANT

V.

ON APPEAL FROM COURT OF APPEALS
NO. 2021-CA-0347
DAVIESS CIRCUIT COURT NO. 20-CI-00415

HON. JAY WETHINGTON, JUDGE,        APPELLEE
DAVIESS CIRCUIT COURT

AND

LAUREN ANDRINI        REAL PARTY IN INTEREST

## MEMORANDUM OPINION OF THE COURT

## AFFIRMING

Ijeoma Odigwe (Mr. Odigwe) appeals a Court of Appeals opinion that denied his writ of prohibition. Mr. Odigwe's writ sought to prevent the Daviess Circuit Court from exercising jurisdiction over the child support issues present in the underlying litigation. After review, we affirm the Court of Appeals.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Mr. Odigwe and Lauren Andrini (Ms. Andrini) met while they were both law students at Notre Dame in Indiana. The two were never married. Ms. Andrini became pregnant while both parties were still in law school and gave birth to their only child together (Child) on May 16, 2018. Following the Child's

birth, Ms. Andrini returned to her home state of Michigan. Shortly thereafter, a paternity action was filed in Ottawa County, Michigan. On August 22, 2018, the Michigan court entered a Consent Judgment of Paternity (Consent Judgment). The Consent Judgment established Mr. Odigwe's paternity, in addition to custody, visitation, and child support.

Nearly two years later, on March 2, 2020, the Michigan court entered an order granting Ms. Andrini's motion to change the Child's legal residence and domicile to Kentucky. The Michigan court found that it "no longer [had] continuing jurisdiction over the child-custody determination regarding the minor child," and that "[a]ny future modifications of the child-custody determination involving the minor child shall be made by an appropriate Court which obtains appropriate subject matter jurisdiction under the UCCJEA[1]." The order did not address the court's prior child support ruling, but noted that "[e]xcept as provided in this order, the prior orders of this Court remain in full force and effect." Ms. Andrini and the Child moved to Daviess County, Kentucky where they both currently reside. Mr. Odigwe currently resides in Missouri, but considers Arizona his home state. He has never lived in Kentucky.

On April 21, 2020, Mr. Odigwe filed a Petition to Register a Foreign Child Custody Determination Pursuant to KRS[2] 403.850 in the Daviess Circuit Court, Family Division (Daviess Circuit Court). With his petition, he filed a

---

[1] Uniform Child Custody Jurisdiction and Enforcement Act.

[2] Kentucky Revised Statute.

copy of the entire Michigan Consent Judgment, including the child support calculations worksheet. Ms. Andrini did not object to the Consent Judgment being registered in Kentucky. On May 26, before the court had ruled on his petition to register the foreign custody judgment, Mr. Odigwe filed a Motion to Modify Custody and Parenting time and a proposed Order Regarding Custody and Parenting Time. Mr. Odigwe's motion to modify custody sought joint legal custody and a parenting time schedule; his proposed order included the following language:

> Father is awarded eight (8) hours of parenting time on each day of the second weekend of every month. A weekend constitutes Saturday and Sunday. Father is responsible for his costs of transportation such as hotel, car rental, gas, etc. **Father will receive an appropriate credit towards his monthly child support payment for Minor Child that will be determined by this Court**, or agreement by the parties.[3]

On June 2, Mr. Odigwe filed an Emergency Motion for Summer 2020 Parenting Time. In it, he stated, *inter alia*,

> [p]etitioner/Father is currently studying for the bar exam, which he will take in July 2020. After the bar exam, his anticipated relocation is to Kansas City, MO, but either way he will be leaving South Bend, IN in July 2020. He is originally from Arizona. Petitioner/Father would very much like to see his son before he relocates from South Bend and **requests a reasonable Court Order allow Summer 2020 parenting time, and equitably [dividing] the transportation time and costs for parenting time**.[4]

Later, on June 17, Judge Julia Gordon (Judge Gordon) entered an order registering the foreign custody determination. The order found that the

---

[3] Emphasis added.

[4] Emphasis added.

3

Daviess Circuit Court had subject matter jurisdiction over the proceedings, as well as personal jurisdiction over the parties. The order did not address Mr. Odigwe's motions to modify custody and parenting time, nor did it address child support.

On August 7, Ms. Andrini filed a Motion to Modify Child Support and requested that the child support payments set by the Michigan Consent Judgment be modified. In response, Mr. Odigwe filed a motion to dismiss. He contended that, although he properly registered the child custody portion of the Michigan Consent Judgment under the UCCJEA,[5] Ms. Andrini had not yet registered the child support order of the Consent Judgment in accordance with the Uniform Interstate Family Support Act (UIFSA).[6]

Mr. Odigwe further argued that, while the Daviess Circuit Court had jurisdiction over him regarding custody, it had not acquired personal jurisdiction or subject matter jurisdiction over him for the purpose of addressing child support. Specifically, he contended that the court did not have personal jurisdiction over him because none of the criteria listed in KRS 407.5201, which provides a number of bases for a Kentucky court to exercise personal jurisdiction over a non-resident for the purposes of modifying a child support order, were met. Similarly, he reasoned that the court lacked subject matter jurisdiction over the child support order because all of the requirements of KRS 407.5611 had not been met. KRS 407.5611 states in relevant part that

---

[5] *See* KRS 403.850.

[6] *See* KRS 407.5602.

4

a Kentucky court may modify a child support order issued by another state if, after notice and hearing, the court finds that: "1. Neither the child, nor the obligee who is an individual, nor the obligor resides in the issuing state; 2. A petitioner who is a nonresident of this state seeks modification; and 3. The respondent is subject to the personal jurisdiction of the tribunal of this state."

In Ms. Andrini's response to Mr. Odigwe's motion to dismiss, she argued that the Michigan child support order was effectively registered in Kentucky by Mr. Odigwe when he registered the Consent Judgment on June 17, 2020, and that by filing that motion he availed himself to the jurisdiction of the Daviess Circuit Court. Additionally, she argued that he had waived any jurisdictional arguments: Mr. Odigwe did not object to the court's jurisdiction to address child support issues under UIFSA when he registered the Consent Judgment, he asked the court to modify his child support payments to reflect his travel costs for visitation in his May 26 Proposed Order, and he requested that the court equitably divide transportation costs in his June 2 Emergency Motion for Parenting Time.

The parties appeared for a hearing on the motion to dismiss on September 14, 2020. However, Judge Gordon informed the parties that she had not yet read their pleadings, and that she would take the matter under advisement. When the parties appeared again on November 2 to address Mr. Odigwe's motion to modify parenting time, Judge Gordon passed ruling on both the jurisdictional issue and the motion to modify until the previously scheduled trial on November 20. She stated that her inclination was to deny Mr. Odigwe's

5

motion to dismiss, and that they should be prepared to address child support at the November 20 hearing. Judge Gordon also advised Mr. Odigwe to retain counsel, as he had been appearing *pro se*. Mr. Odigwe took her advice, and his counsel filed an entry of appearance on November 12. According to Mr. Odigwe's brief to this Court, the November 20 trial date was thereafter indefinitely continued.

Four months later, in March of 2021, there still had not been a trial or an order concerning the court's jurisdiction over child support. Nevertheless, Mr. Odigwe filed a petition requesting a writ of prohibition in the Court of Appeals on March 26. In it, he argued that he was entitled to a writ of prohibition under the first class of writs. In other words, he argued that the Daviess Circuit Court was proceeding or was about to proceed outside of its jurisdiction, and that he would have no adequate remedy by appeal.[7] He reiterated his argument that the Daviess Circuit Court lacked subject matter jurisdiction to rule on child support because the Michigan Consent Judgment had not been properly registered in Kentucky. He contended that he lacked an adequate remedy by appeal because under Kentucky law, with certain exceptions, he would be unable to recoup any excess payments made under a court order, even if the order was entered as a result of judicial error.[8]

---

[7] *Hoskins v. Maricle*, 150 S.W.3d 1, 10 (Ky. 2004).

[8] *See, e.g.*, *Denzik v. Denzik*, 197 S.W.3d 108, 112 (Ky. 2006) ("Cases involving excess child support payments made by judicial error have determined that recoupment or restitution of the excess payments is inappropriate unless there exists an accumulation of benefits not consumed for support.").

6

After Mr. Odigwe filed his petition for a writ of prohibition, but before the Court of Appeals ruled on said writ, Mr. Odigwe successfully moved to have Judge Gordon recused from the case. Judge Gordon's order recusing herself from the case was entered on August 27, 2021. Per the order, the case was transferred to Judge Jay Wethington (Judge Wethington).

Later, on September 2, the Court of Appeals denied Mr. Odigwe's motion for a writ of prohibition. For clarity, we note that at that time Judge Gordon was still the named respondent. The court began its analysis by clarifying that although Mr. Odigwe was seeking a writ under the first class of writs, his argument should have been under the second class of writs. It reasoned:

> The Petitioner argues he is entitled to a writ under the first class because the circuit court lacks jurisdiction to hear the issue of child support in his underlying case. Jurisdiction, as used in the first class of writ, means subject matter jurisdiction which is "the authority not simply to hear this case, but this kind of case." *Davis v. Wingate*, 437 S.W.3d 720, 725 (Ky. 2014) (internal quotation marks and citation omitted). "A court acts outside its jurisdiction, accordingly, only where it has not been given, by constitutional provision or statute, the power to do anything at all." *Id.*
>
> Particular case jurisdiction, on the other hand, "refers to a court's authority to determine a specific case (as opposed to the class of cases of which the court has subject matter jurisdiction)." *Commonwealth v. Steadman*, 411 S.W.3d 717, 722 (Ky. 2013) (citations omitted). "Errors directed at particular-case jurisdiction belong in the second category of writs, not the first." *Delahanty v. Commonwealth*, 558 S.W.3d 489, 500 (Ky. App. 2018). Moreover, the Kentucky Supreme Court has held that "[e]rrors in the procedural invocation of a court's jurisdiction relate to particular-case jurisdiction, not general subject-matter jurisdiction." *Steadman*, 411 S.W.3d at 723.

In the case *sub judice*, the Petitioner's jurisdictional challenge is actually directed at particular case jurisdiction. The Petitioner's argument is not that the circuit court entirely lacks the authority to hear child support cases, but that the circuit court cannot hear this particular child support case because Andrini did not meet the procedural requirements in the UIFSA to invoke the circuit court's jurisdiction. As a result, the Petitioner's request should have been brought under the second class of writs.

Nevertheless, the court goes on to hold that even if Mr. Odigwe had argued under the second class of writs, he would still not have been entitled to a writ of prohibition:

> In order to qualify for a second-class writ, the Petitioner must show the circuit court is acting or about to act erroneously, there is no adequate remedy by appeal, and he will suffer irreparable harm. [*Maricle*, 150 S.W.3d at 10].

> The Petitioner claims that an appeal is inadequate and that he will suffer irreparable injury in the absence of a writ. The reasoning put forth by the Petitioner is that he "will be left without remedy, and an unjustified taking will occur, resulting in [Andrini] becoming unjustly enriched" because Kentucky generally does not allow recoupment or restitution for the overpayment of child support. This is an insufficient reason to grant the extraordinary relief afforded through a writ of prohibition.

> To begin, [Judge Gordon] has not entered a ruling that the circuit court has jurisdiction over the child support issue, nor is there an order increasing the Petitioner's child support obligation. Petitioner's argument at this point is mere speculation based on comments made by [Judge Gordon] as an initial reaction to the motions that, as she repeatedly told the parties, she had not yet read. Even assuming the circuit court is about to act erroneously, once a final order has been entered the Petitioner may file a direct appeal from that order. He cannot circumvent the process by filing a petition for a writ of prohibition. Moreover, as the Supreme Court stated in *Lee v. George*, the Petitioner's claimed injury "is no different from the result in every [] case in which a parent does not get what he or she requested." 369 S.W.3d 29, 34 (Ky. 2012). Thus, the Court cannot say the Petitioner's perceived harm rises to the level of irreparable injury.

Thereafter, on September 20, Mr. Odigwe filed a motion for reconsideration of the Court of Appeals' ruling.

On October 13, while Mr. Odigwe's motion for reconsideration was still pending in the Court of Appeals, Judge Wethington held a hearing in Daviess Circuit Court on the jurisdictional issue. On November 17, Judge Wethington entered an order finding that the Daviess Circuit Court had "*in personam* jurisdiction, subject matter jurisdiction and particular case jurisdiction over the parties and all controversies herein." The order denied Mr. Odigwe's motion to dismiss, and sustained Ms. Andrini's motion to modify child support.

There is no indication in the record before us that the Court of Appeals' record was supplemented with Judge Wethington's order, or that the Court of Appeals was otherwise aware of that order when it denied Mr. Odigwe's motion for reconsideration on December 14. The Court of Appeals order denying the motion for reconsideration states in its entirety:

> This cause is before the Court on Petitioner's motion for reconsideration pursuant to Kentucky Rule of Civil Procedure (CR) 76.38. Petitioner argues in his motion for reconsideration that the Court mischaracterized his argument and that the circuit court lacked subject-matter jurisdiction to consider the matter under the Uniform Interstate Family Support Act (UIFSA), Kentucky Revised Statutes (KRS) 407.5101-407.5902. This does not change the Court's decision.
>
> KRS 23.100(2)(b) grants Kentucky's family courts with jurisdiction over proceedings under UIFSA. Petitioner properly registered the foreign child support order in Kentucky pursuant to the aforementioned statutes. The circuit court may modify a foreign child support order if the requirements of KRS 407.5611 or KRS 407.5613 are met. The circuit court has been granted jurisdiction to conduct a hearing to determine whether or not it can modify a foreign child support order. KRS 407.5611(1). The arguments raised by Petitioner in his petitioner for a writ and motion to

9

reconsider are better suited for the eventual hearing on the motion to modify child support and motion to dismiss. Moreover, the Petitioner has failed to show that he lacks an adequate remedy by appeal.

This Court having reviewed the record, and being otherwise sufficiently advised; IT IS HEREBY ORDERED that Petitioner's motion for reconsideration be, and is hereby, DENIED.

On January 12, 2022, Mr. Odigwe filed a notice of appeal to this Court. His notice specifically states that he is appealing from "the Findings of Fact, Conclusions of law entered by the Kentucky Court of Appeals on September 2, 2021," and "the denial of his Petition for Rehearing entered by the Kentucky Court of Appeals on December 14, 2021."

## II. ANALYSIS

Preliminarily, this Court clarifies that it will not be addressing Judge Wethington's order finding that the Daviess Court has jurisdiction on the merits. Mr. Odigwe's notice of appeal clearly stated that he is appealing the Court of Appeals' order denying his writ of prohibition, and its subsequent order denying his motion for reconsideration. And, as the Court of Appeals was unaware of Judge Wethington's order, it did not address that ruling. It would accordingly be inappropriate for this Court to do so now.

Rather, our sole inquiry is whether the Court of Appeals' decision to deny the writ was reversible. That standard of review can be stated succinctly as follows:

> We employ a three-part analysis in reviewing the appeal of a writ action. We review the Court of Appeals' factual findings for clear error. Legal conclusions we review under the de novo standard. But ultimately, the decision whether or not to issue a writ of

10

prohibition is a question of judicial discretion. So review of a court's decision to issue a writ is conducted under the abuse-of-discretion standard. That is, we will not reverse the lower court's ruling absent a finding that the determination was arbitrary, unreasonable, unfair, or unsupported by sound legal principles.[9]

It is well-established in this Commonwealth that "writ petitions should be reserved for extraordinary cases" and are therefore generally disfavored.[10] A petitioner may prove entitlement to a writ under one of two classes of cases. Under the first class, a petitioner must show that "the lower court is proceeding or is about to proceed outside of its jurisdiction and there is no remedy through an application to an intermediate court[.]"[11] Under the second class, a petitioner must demonstrate that "the lower court is acting or is about to act erroneously, although within its jurisdiction, and there exists no adequate remedy by appeal or otherwise and great injustice and irreparable injury will result if the petition is not granted."[12] Additionally, under the second class, there are "certain special cases" wherein a petitioner need not show great injustice and irreparable injury if they can demonstrate that a "substantial miscarriage of justice will occur if the lower court proceeds erroneously," and correction of the error "is necessary in the interest of orderly

---

[9] *Appalachian Racing, LLC. v. Commonwealth*, 504 S.W.3d 1, 3 (Ky. 2016) (internal quotation marks omitted).

[10] *See, e.g.*, *Cox v. Braden*, 266 S.W.3d 792, 796 (Ky. 2008).

[11] *Maricle*, 150 S.W.3d at 10.

[12] *Id.*

judicial administration."[13]  The special cases exception is generally reserved for "those limited situations where the action for which the writ is sought would blatantly violate the law,"[14] and the petitioner must still demonstrate that they lack an adequate remedy by appeal.[15]

The common thread running through each class of writ is that a petitioner is not entitled to a writ if he or she cannot show a lack of adequate remedy by appeal.[16]  It is here that Mr. Odigwe's writ petition fails.  Mr. Odigwe may file a direct appeal from the Daviess Circuit Court order that found it has jurisdiction to proceed over the child support matters in this case.  He accordingly has an adequate remedy by appeal and may not use writ proceedings to circumvent the appellate process wherein these issues can be more appropriately addressed.[17]

Furthermore, his alleged harm does not rise to the level required for the issuance of a writ.  His only alleged injury is monetary.  Specifically, that he will not be able to recover any child support he is ordered to pay under a Kentucky court order, even if the order is entered erroneously.  This alleged

---

[13] *Lee v. George*, 369 S.W.3d 29, 32 (Ky. 2012).

[14] *Id.*

[15] *Indep. Order of Foresters v. Chauvin*, 175 S.W.3d 610, 617 (Ky. 2005) ("[T]he exception allows a petitioner to avoid only the requirement of great and irreparable injury, not the requirement of lack of an adequate remedy by appeal.").

[16] *See, e.g.*, *Bailey v. Bertram*, 471 S.W.3d 687, 693 (Ky. 2015) ("The first prong of this test, whether there is an adequate remedy by appeal, is a mandatory inquiry.").

[17] *See Lee*, 369 S.W.3d at 34 ("[T]he extraordinary writs are no substitute for the ordinary appellate process, and the interference with the lower courts required by such a remedy is to be avoided whenever possible.").

financial injury simply is not of the "ruinous nature or . . . incalculable damage to the petitioner"[18] required to justify the issuance of a writ of prohibition.

## III. CONCLUSION

Based on the foregoing, the Court of Appeals did not abuse its discretion by denying Mr. Odigwe's petition for a writ of prohibition, and that ruling is hereby affirmed.

All sitting.  All concur.

COUNSEL FOR APPELLANT:

Jason Anthony Bowman
Bowman Legal

COUNSEL FOR APPELLEE:

Hon. Jay Wethington

COUNSEL FOR APPELLEE/REAL PARTY IN INTEREST:

James Andrew Johnson
Gordon Law Offices

---

[18] *Lehmann v. Gibson*, 482 S.W.3d 375, 385 (Ky. 2016) (internal quotation marks omitted).